■ Emma Long et al., Respondents, v. State of New York, Appellant. (Claim No. 49056.) — Herlihy, P. J. Appeal by the State from an order of the Court of Claims, entered on December 23, 1968, which granted claimants' motion for a further examination before trial. The appellant was previously directed by an order of the Court of Claims, entered May 27, 1968, to produce representatives " having knowledge of the relevant facts and material allegations of the facts put in issue by the claim herein" and also " all records, reports, writings and photographs　*　*　* which are relevant and material to the issues in this action ". An examination before trial was conducted pursuant to this order, but in response to many questions of the claimants' counsel, the sole representative produced by the State did not know the answers and would have to refer to various documents not then in his possession. Following the examination before trial, the claimants' counsel wrote a letter to the appellant's representative demanding the production of the various documents referred to in the examination before trial but not then present and also requested the production of witnesses familiar with the documents. The appellant refused to comply with the demand because " we believe the enumerated items in your letter, for the most part, are completely irrelevant and immaterial to this claim." The claimants thereupon moved for an order compelling the appellant to produce the documents demanded by them and witnesses who could testify as to such documents. The appellant opposed the motion primarily upon the ground that there are no issues presented by the present claim because the claimants had no cause of action against it as a matter of law. The appropriate manner in which to determine whether or not a duly filed claim states a cause of action is by a motion to dismiss upon that ground and, accordingly, that question may not be interposed by way of opposition to discovery proceedings. The appellant notes that the claim is basically one of negligence on the part of the State " in its design and construction of Watervliet Avenue Extension". The things sought in this proceeding relate to the design and construction of the highway and the details of the planning stage may very well disclose matters which have a bearing on negligence in the construction of the highway. In the present proceeding, the enumerated documents were material and relevant to the cause of action which the claimants seek to establish. The fact that two of the items demanded are matters of public record does not preclude the production of such documents by the appellant as a party for the purposes of an examination before trial. That the claimants can acquire copies of the documents by independent means does not overcome the fact that the appellant is in control of the originals of the same and presumably in a position to easily produce them in these proceedings. (Cf. *Lakeville Merrick Corp.* v. *Town Bd. of Town of Islip*, 23 A D 2d 584, 585.) The present record establishes that the documents to be produced may be a source of information for use in other proceedings, but it does not appear that they are sought solely for such purpose. (Cf. *Matter of Heart Chocolate Co.* v. *Avon Converting Co.*, 23 A D 2d 844.) Order affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.