Prudential Insurance Company of America, Appellant, v Ward Products Corporation, Respondent.

Third Department, May 19, 1977

*Maynard, O'Connor & Smith (Richard M. Gershon* of counsel), for appellant.

*Frank G. Pratt* for respondent.

Kane, J. P. Plaintiff seeks to recover certain premiums allegedly due under a group contract providing life, health and accident insurance for defendant's employees. The contract specified that dividends were to be apportioned annually and that, if payable, they were to be distributed in cash or applied in reduction of future premiums. Defendant was not satisfied with the dividend computation. In answer to the complaint herein it alleged that plaintiff had improperly

attempted to vary the terms of the contract and counter-claimed for damages according to its interpretation of the policy. During pretrial procedures defendant served a notice to take the oral deposition of two named employees of plaintiff and demanded the production of documents relating to claims and dividends including: "any and all records of what was done with any reserves or retainage and full information of how the retainage and dividends were calculated; and the presence of any and all persons having knowledge of the actuarial processes and the dividend processes." Plaintiff then moved for a protective order with respect to information concerning reserves, retainage, calculation of dividends and actuarial processes (CPLR 3103), and this appeal ensued when its motion was denied.

Although we are confronted on the surface with issues involving the availability and scope of a protective order, in substance plaintiff is attacking the underlying validity of defendant's counterclaim as its motion should have been granted if the issuance of dividends under the policy was a discretionary matter. A reading of the policy itself fails to provide any definitive answer to this question, even though it appears to vest considerable discretion in plaintiff's board of directors because relevant statutory provisions and established case law severely restrict its ability to inhibit dividend pay-ments after certain allowable subcontractions are made from its surplus (*Kern v John Hancock Mut. Life Ins. Co.,* 8 AD2d 256, affd 8 NY2d 833; Insurance Law, § 216). The initial premium is but an estimate which includes an adequate margin for reserves and charges. At the end of the policy year, when costs, reserves and charges have been more accu-rately determined, the insurer is obliged to calculate and return excess premiums to the policy holder as a divisible surplus distribution under the provision of section 216 of the Insurance Law. Thus, some adjustment of the premium is contemplated based on the difference, if any, between the original estimate and the actual amount thereafter found necessary to cover all contingencies (*Rhine v New York Life Ins. Co.,* 273 NY 1; *Kern v John Hancock Mut. Life Ins. Co., supra).* Plaintiff has not moved to dismiss defendant's counter-claim for legal insufficiency, nor has it appealed from the denial of its prior motion for summary judgment, and the foregoing comments demonstrate that defendant has not ad-

vanced a purely frivolous theory. Accordingly, without passing upon the merits of the case in any way, we conclude that the information sought by defendant is discoverable as being material and necessary to its counterclaim (see *Long v State of New York,* 33 AD2d 621).

Nevertheless, we do agree with plaintiff's further contention that, as a corporation, it has the right to designate the person to be deposed in the first instance subject to the obligation to supply an individual familiar with the salient events *(National Reporting v State of New York,* 46 AD2d 576; *Rufer v New York State Teachers Assn.,* 42 AD2d 1040). Therefore, Special Term should have granted protective relief in plaintiff's favor to the extent of freeing it from the responsibility of making any named official attend the examination. Plaintiff lastly asserts that since the materials sought by defendant are unspecified, it should also be protected from that portion of the notice. However, defendant's notice was issued pursuant to CPLR 3111 and, as we have previously said, a party in this situation need only bring pertinent records to the examination to be disclosed when "the oral examination turns toward them and they can be identified with some degree of particularity." *(Columbia Gas of N.Y. v New York State Elec. & Gas Corp.,* 35 AD2d 620, 621.) Special Term could have found the notice here so overly broad in this regard as to merit some relief (e.g., *Rufer v New York State Teachers Assn., supra),* but we prefer not to disturb the refusal to grant it, particularly since CPLR 3120 will afford an orderly and more expeditious procedure to resolve any dispute that might hereafter arise at the examination (see *National Reporting v State of New York, supra).* We have considered the plaintiff's remaining arguments and perceive no merit in them.

The order should be modified, on the law and the facts, to the extent of deleting reference to the named corporate official, and, as so modified, affirmed, without costs.

MAHONEY, MAIN, LARKIN and HERLIHY, JJ., concur.

Order modified, on the law and the facts, to the extent of deleting reference to the named corporate official, and, as so modified, affirmed, without costs.