■ AARON TAUBER, Respondent, v BETH EL HOSPITAL, Now Known as BROOKDALE HOSPITAL MEDICAL CENTER, et al., Appellants.—In a medical malpractice action, defendants appeal from an order of the Supreme Court, Kings County, dated May 13, 1977, which, *inter alia,* granted plaintiff's motion (1) to conduct a further oral examination of defendant Dr. Levy, and, in so doing, directed Dr. Levy to respond to questions concerning the rules and regulations of defendant hospital in November, 1953 and (2) for leave to file a note of issue and statement of readiness, with leave to conduct a further examination before trial. Order modified by deleting the first three decretal paragraphs thereof and substituting therefor provisions that plaintiff's motion is granted to the extent that it seeks to examine defendant Dr. Levy individually with regard to both the treatment of plaintiff and the rules and regulations of the defendant hospital in 1953 and that the motion, to the extent that it seeks to examine defendant hospital by Dr. Levy, is denied. As so modified, order affirmed, without costs or disbursements. The examination of Dr. Levy shall proceed at such time and place as shall be fixed in a written notice of not less than 20 days, to be given by plaintiff, or at such other time and place as the parties may agree. The time within which such notice may be served is extended until 20 days after entry of the order to be made hereon. Although defendant Dr. Levy denied any involvement in the treatment of plaintiff in an examination before trial conducted on December 6, 1976, we find that the hospital's staff list and plaintiff's hospital record sufficiently connect him with plaintiff's treatment to warrant his examination on the procedures governing that treatment. The law of the case doctrine does not bar this court from reaching the merits of Special Term's order (see *Wilson v McCarthy,* 53 AD2d 860). Special Term should not have permitted plaintiff to designate Dr. Levy as the representative of the defendant hospital (see *Prudential Ins. Co. of Amer. v Ward Prods. Corp.,* 57 AD2d 259, 261; *Rutherford v Albany Med. Center Hosp.,* 48 Misc 2d 1017, 1018). Rabin, J. P., Titone, Suozzi and Mollen, JJ., concur.

■ 300 WEST REALTY COMPANY, Respondent-Appellant, v NATIONAL SECURITY FIRE AND CASUALTY COMPANY, Appellant-Respondent.—Judgment and order (one paper) of the Supreme Court, Westchester County, dated March 21, 1977, affirmed. No opinion. Appeal by defendant from (1) stated portions of an order of the same court dated September 10, 1976, and (2) a further order of the same court dated January 5, 1977, dismissed. Any right of direct appeal from the said orders terminated with the entry of the judgment and order dated March 21, 1977 (see *Matter of Aho,* 39 NY2d 241, 248). Plaintiff is awarded one bill of costs to cover all appeals. Rabin, J. P., Titone, Suozzi and Mollen, JJ., concur.