■ BRC ELECTRIC CORPORATION et al., Appellants, v BRIAN R. CRIPPS, et al., Respondents. (And a Third-Party Action.)—In an action for conversion, an accounting and to set aside a conveyance, the plaintiffs appeal from an order of the Supreme Court, Suffolk County, dated March 13, 1978, which denied their motion to confirm an order of attachment and granted defendants' cross motion to vacate said order of attachment. Order affirmed, with $50 costs and disbursements. The plaintiffs' affidavits failed to include a statement that the amount demanded from the defendants exceeds all counterclaims known to plaintiffs. This is required by CPLR 6212 (subd [a]) and the failure to include it is a fatal defect. Hopkins, J. P., Suozzi, Rabin and Shapiro, JJ., concur.

■ BRC ELECTRIC CORPORATION et al., Appellants, v BRIAN R. CRIPPS et al., Defendants and Third-Party Plaintiffs-Respondents. JOHN B. VITTIGLIO, JR., et al., Third-Party Defendants.—In an action for conversion, an accounting and to set aside a conveyance, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County, entered February 24, 1978, as denied their motion (1) for a protective order limiting the notice of deposition served upon them by defendants third-party plaintiffs and (2) to dismiss the counterclaims and third-party complaint of the defendants third-party plaintiffs. Order modified, on the law, by (1) deleting therefrom the first decretal paragraph thereof and substituting therefor a provision granting the plaintiffs' motion to dismiss, only as to the third-party complaint and the third counterclaim to recover $1,140 and (2) deleting therefrom the third decretal paragraph thereof and substituting therefor a provision granting plaintiffs' motion for a protective order to the extent that they are directed to produce only the following documents: books and records of John Grace & Co., Inc., relating to the acquisition of BRC Electric Corporation; corporate minute book of BRC; all other books and records of BRC, including any accounting books, etc.; copies of contracts and related documents involving

both John Grace & Co., Inc., and BRC with regard to Meadowbrook Hospital; copies of any and all documents relating to the claims of John Grace & Co., Inc., or BRC for work done by BRC together with the County of Nassau in connection with the Meadowbrook Hospital job; and all documents relating to the instant litigation. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiffs are two domestic corporations, John Grace & Co., Inc., and BRC Electric Corporation. Defendants are individuals Brian R. Cripps and Patricia Cripps. Plaintiffs allege that defendants converted corporate funds of BRC while Brian Cripps was president of the company. They further allege that defendants transferred the ownership of their home from both of them as tenants by the entirety to individual ownership by Patricia Cripps. Plaintiffs commenced this action for conversion, an accounting and to set aside the conveyance. Defendants counterclaimed against the plaintiffs and instituted a third-party action against the owners of BRC and John Grace & Co., Inc., in their individual capacities. They contend that there were moneys owed to them as subcontractors on a construction job. Defendants also allege that plaintiffs prevented Brian Cripps from obtaining unemployment compensation. Finally defendants seek to recover moneys claimed to be owing for work done and money loaned to the third-party defendants in their individual capacities. Special Term denied a motion by the plaintiffs to dismiss the counterclaims and the third-party complaint. With regard to the third-party complaint, the motion was improperly denied. Under CPLR 1007 third-party complaints are limited to a situation where a person not a party is or may be liable to defendant for all or part of the plaintiff's claim against him. The liability must be one rooted in indemnity or contribution. Despite the liberal pleading rules applicable to third-party complaints, there is no view of the facts upon which the third-party defendants could be liable to BRC or John Grace & Co., Inc., on their claim for conversion against defendants Cripps. If there is any liability on the part of these individuals, it arises out of other transactions where no claims of indemnity or contribution exist. As to the counterclaims, only those claiming moneys owed with respect to the Meadowbrook Hospital job can be properly considered counterclaims against the plaintiffs, under the language of CPLR 3019. The third counterclaim stated cannot be maintained because it is unrelated to the Meadowbrook Hospital job. Moreover, it deals with defendant Brian Cripps' claim for unemployment compensation which he is collaterally estopped from raising. He admits he attended a hearing concerning his unemployment compensation claim, after which a determination was made. Plaintiffs allege, and Brian Cripps does not deny, that he failed to appeal from this determination. Collateral estoppel effect has been extended to unemployment compensation determinations *(Walsh v Pluess-Staufer [Northamerican],* 67 Misc 2d 885; cf. *United States v Utah Constr. Co.,* 384 US 394, 422). At Special Term, the defendants sought and obtained permission to direct plaintiffs to produce quantities of corporate records at the examination before trial. The scope of discovery must be limited to conform with the dismissal of the third-party complaint and one of the counterclaims. Although the other documents requested approach the limits of what is permissible under CPLR 3111 (see *Arett Sales Corp. v Island Garden Center of Queens,* 25 AD2d 546, 547), this court should not unduly disturb the determination of Special Term. The limitations of CPLR 3120 will provide a means of resolving any controversies arising at the examination before trial (see *Prudential Ins. Co. of Amer. v Ward Prods. Corp.* 57 AD2d 259, 261). However, the tax returns requested are an exception. The discovery of tax returns requires a special showing of

need which defendants failed to make *(Glenmark, Inc. v Carity,* 22 AD2d 680). Hopkins, J. P., Suozzi, Rabin and Shapiro, JJ., concur.