■ CARBORUNDUM ENVIRONMENTAL SYSTEMS CANADA, LTD., Respondent, v NITEC PAPER CORPORATION et al., Appellants. (Action No. 1.) NITEC PAPER CORPORATION, Appellant, v CARBORUNDUM COMPANY, Respondent. (Appeal No. 1.)—Order unanimously reversed, with costs, and matter remitted to Erie County Supreme Court, for further proceedings in accordance with the following memorandum: This motion, which constitutes a renewal of a motion previously made and denied by Justice Alfred M. Kramer while sitting in Erie County Supreme Court, should have been transferred to Justice Kramer pursuant to CPLR 2221 *(Riggle v Buffalo Gen. Hosp.,* 52 AD2d 751; *Collins, Inc. v Olsker-McLain Inds.,* 22 AD2d 485). (Appeal from order of Niagara Supreme Court—consolidate, venue.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.

■ CARBORUNDUM ENVIRONMENTAL SYSTEMS CANADA, LTD., Respondent, v NITEC PAPER CORPORATION, Defendant, and MIDTEC PAPER CORPORATION, Appellant. (Appeal No. 2.)—Order unanimously modified, and, as modified, affirmed, with costs to appellant, in accordance with the following memorandum: Special Term erred in refusing to grant a protective order regarding the appearance for oral examination of the "Chief Executive Officer" of defendant Midtec Paper Corporation. While the corporation has a duty to submit for such examination a person familiar with the salient facts, it has the right in the first instance to designate the person to be deposed *(Prudential Ins. Co. of Amer. v Ward Prods. Corp.,* 57 AD2d 259; *Kenford Co. v County of Erie,* 41 AD2d 587). If it should develop upon the examination that the person produced has inadequate knowledge, plaintiff may then seek examination of a specific corporate representative *(Lounsbury v New York State Elec. & Gas Corp.,* 62 AD2d 1033; *Besen v C. P. L. Yacht Sales,* 34 AD2d 789). The denial of the motion for a protective order was otherwise proper in all respects. The requirement that an officer of Midtec travel from Wisconsin to New York for pretrial examination imposes no serious inconvenience or hardship *(Emba Mink Breeders Assn. v Shulof & Co.,* 21 AD2d 772; *Meinig Co. v United States Fastener Co.,* 194 App Div 397). Nor do we find any merit to Midtec's claim that it is an unfair imposition to require it to transport to Niagara Falls the documents demanded in plaintiff's notice. While we recognize that a nonresident defendant should not unreasonably be required to produce records (see *B. B. & D. Prods. v Screen Gems,* 29 AD2d 747; *Emba Mink Breeders Assn. v Shulof & Co., supra),* the only claim made here is that the expense of classifying and gathering the documents will be onerous. Obviously that task must be performed regardless of where

the examination takes place. No claim is made that removal of the corporate records from the corporate offices would impede the corporate business. Indeed, Midtec argues alternatively that the examination should take place in Montreal, Canada, in which event its concern for the production of corporate documents would apply with equal force. The records sought in the notice are material and necessary to the prosecution of plaintiff's causes of action, are easily transportable, and to the extent that they are in the custody or control of Midtec, they must be produced. (Appeal from order of Erie Supreme Court—protective order.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.