■ In the Matter of the Estate of LOUIS BERYL, Deceased. CHEMICAL BANK et al., Appellants; ANTHONY P. BERYL et al., Respondents.—In a proceeding for a judicial settlement of the account of the petitioners Irwin P. Underweiser and Chemical Bank as the surviving executors under the will of Louis Beryl, deceased, the petitioners appeal from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated February 1, 1985, which denied their motions for a protective order striking the respondents' notices for discovery and inspection and granted the respondents' cross motion for an order compelling disclosure.

Order modified, by (1) deleting the first and second decretal paragraphs thereof, and substituting therefor provisions granting the petitioners' motion for a protective order to the extent that the petitioners are not required to disclose the documents requested in item No. 1 specified in the notices for discovery and inspection and any other documents previously furnished to the respondents, and granting the respondents' cross motion for an order compelling disclosure with respect to items Nos. 2, 3, 4 and 5 specified in the notices for discovery and inspection except for those documents which had previously been furnished by the petitioners, and (2) adding, prior to the words "addressed to Chemical" in the third decretal paragraph thereof, the words "as heretofore limited", and (3) adding, prior to the words "addressed to Underweiser" in the fourth decretal paragraph thereof, the words "as heretofore limited". As so modified, order affirmed, without costs or disbursements. The petitioners' time to comply with the notices for discovery and inspection, as heretofore limited, is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry.

In this proceeding, the respondents contend that the petitioners, as executors, are guilty, *inter alia,* of a conflict of interest. The respondents seek discovery of five categories of documents which they claim are needed to prove that the executors were motivated by either self-interest or the interest of an unrelated third party, to act in a manner adverse to the interest of the estate. The Surrogate properly acted within his discretion in permitting discovery of items Nos. 2, 3, 4 and 5 as specified in the respondents' notices for discovery and inspection. However, in view of the fact that there has already been extensive discovery, he should have restricted discovery to those documents which had not previously been furnished by the petitioners *(see, Matter of Markel v Markel Elec. Prods.,* 73 AD2d 1052). The disclosure provisions of the CPLR are to be liberally interpreted and applied *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). "The test [for disclosure] is one of usefulness and reason" *(Allen v Crowell-Collier Pub. Co., supra,* at p 406). Discovery should be allowed if the information sought " 'is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' " *(Allen v Crowell-Collier Pub. Co., supra,* at pp 406-407). When an executor petitions for judicial settlement of his account, the Surrogate has the power to pass upon the propriety of any alleged wrongdoing on the part of the executor *(see, Matter of Hidden,* 243 NY 499; *Matter of Andrus,* 85

Misc 2d 1062). In this case, it appears that the discovery permitted by the Surrogate will be useful in determining the propriety of the executors' actions.

Contrary to the petitioners' contention, the respondents, in their notices for discovery and inspection, sufficiently particularized identifiable categories of documents which reasonably would apprise the petitioners of what they were expected to produce (see, CPLR 3120 [a] [1] [i]; *Agricultural & Indus. Corp. v Chemical Bank,* 94 AD2d 671; *Scheinfeld v Burlant,* 98 AD2d 603). However, there was no need to compel the production of the documents demanded under item No. 1, since they were publicly filed documents available to all of the parties (see, *Matter of Reynolds,* 67 Misc 2d 380, *mod on other grounds* 38 AD2d 788; *Benson v Murr,* 23 AD2d 756).

We have considered the petitioner Underweiser's remaining contention and find it to be without merit. Brown, J. P., Weinstein, Niehoff and Eiber, JJ., concur.