■ KEIGH B. KENYON, Respondent, v CARUSO DEVELOPMENT COMPANY, INC., Defendant, and MICHAEL BOCCACINO, Individually and Doing Business as MICHAEL BOCCACINO HEATING CONTRACTOR, Appellant.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: Plaintiff commenced this action to recover for psychological and intellectual injuries, medical bills and lost wages. She claims that her injuries result from defendant's negligence in installing a defective furnace in her condominium, thus exposing her to carbon monoxide poisoning. Defendant Boccacino, the heating contractor, appeals from an order that denied in part his motion to compel production of plaintiff's psychiatric and psychological records, redacted portions of some records, and provided that those records that were ordered to be disclosed were to be disclosed only to independent medical experts in preparation for trial. Defendant contends that the court erred in refusing to order disclosure of plaintiff's complete and unredacted psychiatric and psychological records and that it was improper for the court to preclude defendant himself, as opposed to his attorney and medical experts, from examining the records.

We conclude that defendant is entitled to discover additional relevant information contained in plaintiff's psychiatric and psychological records. Therefore, we remit the matter to a

different Judge for supervised disclosure. Defendant should have access to the following categories of information:

Physical ailments: Plaintiff's records related to prior treatment for a variety of physical ailments that might be connected to her present problems. Among the symptoms previously complained of are light-headedness, sleeplessness, and seizures.

Psychological problems: Plaintiff has been treating with a number of psychologists and psychiatrists for approximately 10 years. Her basic diagnosis is depressive disorder with "hysterical" features and obsessive-compulsive disorder. Other long-term psychological problems include acrophobia, agoraphobia and claustrophobia. Plaintiff's wide-ranging preexisting psychological problems are relevant to her claims of injury, especially her claims of mental and intellectual impairment. Indeed, plaintiff's own treating neurologist suggests that her current symptoms might have been caused or perpetuated by her long-term depression.

Family psychiatric history: References in plaintiff's records to a family history of mental illness are relevant to the nature and degree of plaintiff's preexisting psychological problems.

Specific psychological manifestations: Many of plaintiff's records refer to her long-term anorexia nervosa and substance abuse. Evidence of those conditions are highly relevant to the defense.

Work history: Plaintiff's business failure and ensuing claim of total disability, which occurred years before the alleged carbon monoxide exposure, are relevant to plaintiff's current claim of disability.

The smoke inhalation incident: Certain records refer to a smoke inhalation incident that occurred in November 1986, about a year before the claimed carbon monoxide exposure. The records indicate that plaintiff complained that various physical and mental problems were caused or exacerbated by smoke inhalation. Because of the similarity between the two incidents, and the overlap between the injuries claimed, records of the smoke inhalation incident are relevant to defense of the carbon monoxide claim.

The carbon monoxide poisoning: All psychiatric records containing references to the alleged carbon monoxide poisoning are material and relevant to this lawsuit.

We have considered defendant's challenge to the confidentiality provision of the court's order, and conclude that it is without merit. (Appeal from order of Supreme Court, Monroe

County, Siracuse, J.—discovery.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.