■ EDWARD P. DIBBLE, Appellant, v CONSOLIDATED RAIL CORPORATION, Respondent and Third-Party Plaintiff. GENERAL MOTORS CORPORATION, Third-Party Defendant-Respondent. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: Supreme Court properly directed plaintiff to respond to all questions he had previously refused to answer at the examination before trial. " '[U]nless a question is clearly violative of a witness'[s] constitutional rights, or of some privilege recognized in law, or is palpably irrelevant, questions [at an examination before trial] should be freely permitted and answered, since all objections other than those as to form are preserved for the trial and may be raised at that time' *(Watson v State of New York,* 53 AD2d 798, 799)" *(Humiston v Grose,* 144 AD2d 907, 908; *White v Martins,* 100 AD2d 805).

The court also properly directed plaintiff to identify everyone who treated him for any back or leg condition, and to provide defendant and third-party defendant with medical authorizations to allow them to obtain all medical records relating to any injuries or disease to various parts of his body. Plaintiff argues that the information sought with respect to his back and leg is not discoverable because he is asserting a claim for injuries only to his head, neck, shoulder and arm. However, in the bill of particulars contained in the record, plaintiff asserted that he suffered multiple trauma, contusions and abrasions to his body and limbs. Thus, any prior injuries to plaintiff's back and leg were relevant and material to trial preparation *(see,* CPLR 3101 [a]). Because plaintiff has affirmatively placed his physical condition in controversy, he has waived the patient-physician privilege *(Dillenbeck v Hess,* 73 NY2d 278; *Wachtman v Trocaire Coll.,* 143 AD2d 527). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Discovery.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.