■ RICHARD A. ALFARO, Respondent, v KENNETH B. SCHWARTZ, Defendant and Third-Party Plaintiff-Appellant. I. LEONARD FEIGENBAUM, Third-Party Defendant-Respondent. [649 NYS2d 176] —In an action, *inter alia,* to recover damages for legal malpractice, the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), dated October 17, 1995, which granted (1) the motion of the third-party defendant to dismiss the third-party complaint and (2) the plaintiff's motion for a protective order with respect to items 1, 2 (a), 6, 9, 10, and 12 of the appellant's notice for discovery and inspection.

Ordered that the order is modified by deleting the provision thereof granting those branches of the plaintiff's motion which were for a protective order with respect to items 2 (a) and 6 of the appellant's notice for discovery and inspection and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the order is affirmed, with one bill of costs to the third-party defendant payable by the appellant.

Although "[a]n attorney sued for malpractice is entitled to commence a third-party claim for contribution against a

subsequent attorney whose negligence has contributed to or aggravated the plaintiff's damages" (*Hansen v Brognano,* 137 AD2d 880, 881; *Schauer v Joyce,* 54 NY2d 1, 5), the record establishes that an attorney other than the third-party defendant was substituted as the plaintiff's counsel in the bankruptcy proceeding at issue in this action. Therefore, we agree with the Supreme Court that the appellant failed to raise a triable issue of fact as to whether he was entitled to contribution and/or indemnification from the third-party defendant for any alleged legal malpractice relating to the bankruptcy.

However, because the value of the plaintiff's properties is relevant to his claim for damages, the court erred in granting that branch of the plaintiff's motion which was for a protective order with respect to the appellant's request for discovery of the contract of sale and deed pursuant to which the plaintiff obtained an ownership interest in each property under item 2 (a) of the appellant's notice for discovery and inspection. Discovery of item 2 (a) should be allowed because the information sought is " 'sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' " (*Matter of Beryl,* 118 AD2d 705, 706, quoting *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407).

Furthermore, that branch of the plaintiff's motion which was for a protective order with respect to item 6 of the appellant's notice for discovery and inspection should have been denied. Because one of the primary issues in this case is whether the bankruptcy proceedings terminated favorably or unfavorably to the plaintiff, the documents filed in the bankruptcy proceedings subsequent to the termination of the appellant's representation of the plaintiff are relevant and material. That the documents sought may be available in public records does not, in itself, preclude production of those records from a party (*see, Long v State of New York,* 33 AD2d 621).

The parties' remaining contentions are without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.