VELMA S. TOOLES et al., Respondents, v MICHAEL J. GALLO, Appellant. [668 NYS2d 136] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendant's motion to compel plaintiff to appear for an orthopedic examination. The motion was made after the filing of a note of issue and statement of readiness, and defendant failed to demonstrate "special, unusual or extraordinary circumstances warranting further discovery" (*Peterson v Zuercher*, 198 AD2d 797; *see, Stella v Ahmed*, 223 AD2d 698; *Strauss v New York Ethical Culture Socy.*, 210 AD2d 134). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Discovery.) Present—Denman, P. J., Hayes, Callahan and Fallon, JJ.

DENNIS L. CLARK et al., Appellants, v JOHN E. POPLE, Respondent. [668 NYS2d 131] —Order unanimously modified on the law and in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs appeal from an order compelling them to furnish defendant with "a duly signed medical authorization unrestricted as to the date of the accident, the name of the physician, the hospitals or other health care providers," without prejudice to a motion for a protective order to prevent disclosure of sensitive matters. We modify the order by directing that counsel for defendant, prior to serving a copy of such written authorization on any medical provider, notify plaintiffs' attorney of the identity of such medical provider, to enable plaintiffs to move for a protective order if they be so advised. (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Discovery.) Present—Denman, P. J., Hayes, Callahan and Fallon, JJ.