■ JOSEPH GERACI et al., Appellants, v NATIONAL FUEL GAS DISTRIBUTION CORPORATION et al., Respondents. [680 NYS2d 776]—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action against National Fuel Gas Distribution Corporation (National Fuel) and the City of Buffalo, its Department of Public Works, Division of Water, and its Sewer Authority (City defendants) to recover for personal injuries allegedly sustained by Joseph Geraci

(plaintiff) on April 15, 1995, when he stepped into an open manhole. Plaintiffs appeal from an order insofar as it compels plaintiff to provide the names of all those who provided him with medical care and treatment from April 15, 1990 to date; requires him to execute the broad medical authorizations demanded by National Fuel; and directs National Fuel and the City defendants to provide work orders, requests, inspection reports, log entries and General Index Book entries regarding "the surface of the street at the intersection of Fargo Street at or near Massachusetts Street, in the City of Buffalo, and for a radius of one hundred (100) feet from said intersection along the surface of the street, for the period beginning April 15, 1990 and continuing through April 15, 1995".

We affirm that part of the order requiring plaintiff to execute the broad medical authorizations demanded by National Fuel and to disclose the names of medical providers who treated other illnesses and conditions of plaintiff. In bringing an action for personal injury, a plaintiff waives the physician/patient privilege with respect to any physical or mental condition affirmatively placed in controversy (*see*, CPLR 3121 [a]; *Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457; *Hoenig v Westphal*, 52 NY2d 605, 608-609). The waiver extends not only to records of postaccident treatment, but also to records of preaccident treatment of the same anatomical parts to which plaintiff claims injury (*see*, *Dibble v Consolidated Rail Corp.*, 181 AD2d 1040). Here, the complaint alleges that plaintiff has suffered injury, pain, emotional upset, confinement to bed and house, and loss of enjoyment of life as a result of the accident. Given those broad allegations of injury and disability, we conclude that plaintiff's entire physical condition has been placed in controversy, especially insofar as plaintiff may have experienced other potentially debilitating medical problems before or since the accident (*see*, *Dibble v Consolidated Rail Corp., supra*; *cf.*, *Clark v Pople*, 244 AD2d 958). Such other medical conditions are relevant to damages (*cf.*, *Coddington v Lisk*, 249 AD2d 817; *Syron v Paolelli*, 238 AD2d 710, 710-711; *Kenyon v Caruso Dev. Co.*, 167 AD2d 966, 966-967).

We further conclude that Supreme Court did not err in denying discovery of pre-1990 work records, or in limiting discovery to work records pertaining to areas within a 100-foot radius of the intersection. The court erred, however, in denying discovery of records of subsurface work. Such records are relevant to plaintiffs' allegation that employees of National Fuel were responsible for the missing manhole cover. Further, the court erred in limiting the scope of discovery against the City

defendants. The record does not document any discovery dispute between plaintiffs and the City defendants and, significantly, contains no motion on behalf of the City defendants to limit disclosure (see, CPLR 2214, 2215). It was error for the court to adjudicate the disclosure obligations of the City defendants in the absence of a written request and an adequate record. Therefore, we modify the order by vacating any relief granted in favor of the nonmoving City defendants. We further modify the order by allowing discovery of work records and book entries "regarding activation, deactivation, repair or inspection of the surface of the street and subsurface facilities at the intersection of Fargo Street at or near Massachusetts Street, in the City of Buffalo, and for a radius of one hundred (100) feet from said intersection for the period beginning April 15, 1990 and continuing through April 15, 1995". (Appeal from Order of Supreme Court, Erie County, Kane, J.—Discovery.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.