█ RONALD KIMBALL, JR., Appellant, v LAWRENCE E. NORMANDEAU, JR., et al., Defendants, and RONALD MATTESON et al., Respondents. [921 NYS2d 446]—

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered September 22, 2010 in a personal injury action. The order granted in part the motion of defendants Ronald Matteson and Donna Matteson for leave to serve interrogatories on and to depose plaintiff.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this action to recover damages for personal injuries allegedly arising from exposure to lead paint, plaintiff appeals from an order that, inter alia, granted the motion of Ronald Matteson and Donna Matteson (defendants) to the extent that it sought leave to serve certain interrogatories and to depose plaintiff. Contrary to plaintiff's contention, Supreme Court properly directed him to submit to both discovery devices. Although CPLR 3130 permits a party to serve written interrogatories upon any other party without leave of court, CPLR 3130 (1) provides in relevant part that, "[i]n the case of an action to recover damages for personal injury . . . predicated solely on a cause or causes of action for negligence, a party shall not be permitted to serve interrogatories on and conduct a deposition of the same party pursuant to rule 3107 without leave of court." Pursuant to "the clear and unambiguous language of CPLR 3130 (1), leave of court [to serve interrogatories and to depose plaintiff] was not required in this instance [because] the action is not solely predicated upon negligence" (*LaJoy v State of New York*, 48 AD3d 1022, 1023 [2008]). Rather, the complaint alleges, inter alia, that defendants breached the warranty of habitability within the meaning of Real Property Law § 235-b, thus placing this action outside the ambit of CPLR 3130. Indeed, we note that plaintiff repeatedly states in his brief on appeal that

defendants breached their "contractual and statutory" duty to provide lead-free housing, thereby further establishing that this action is not encompassed by CPLR 3130 because it is not based solely upon negligence (*see Friedler v Palyompis*, 24 AD3d 501 [2005]; *Charlotte Lake Riv. Assoc. v American Ins. Co.*, 68 AD2d 151 [1979]).

Furthermore, even assuming, arguendo, that this action is predicated solely upon negligence, we conclude that plaintiff failed to establish that the court abused its discretion in granting defendants leave both to serve interrogatories and to depose plaintiff. In opposing the motion, plaintiff failed to establish that the requests for information are unduly burdensome, or that they may cause "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]; *see Kooper v Kooper*, 74 AD3d 6, 10 [2010]). Present—Smith, J.P., Centra, Peradotto, Gorski and Martoche, JJ.