# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**548**

**CA 11-02378**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

PENNY BOYEA, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JAMES J. BENZ, III, FEDEX GROUND PACKAGE
SYSTEM, INC., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (SARAH HANSEN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered March 2, 2011 in a personal injury
action. The order denied in part the motion of defendants James J.
Benz, III and FedEx Ground Package System, Inc. to compel plaintiff to
provide authorizations for the release of certain records.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of the motion
seeking all records relating to plaintiff's pre-accident applications
for Social Security Disability benefits and directing plaintiff to
submit those records to Supreme Court, and as modified the order is
affirmed without costs, and the matter is remitted to Supreme Court,
Niagara County, for further proceedings in accordance with the
following Memorandum: Plaintiff commenced this action seeking damages
for injuries she sustained when the vehicle in which she was a
passenger was struck by a vehicle operated by defendant James J. Benz,
III and leased by defendant FedEx Ground Package System, Inc. (FedEx).
Plaintiff alleged that, as a result of the accident, she sustained
permanent injuries to, inter alia, her neck, back, shoulders, arms,
legs, buttocks and chest. In her bill of particulars, plaintiff
further alleged that her injuries included headaches, dizziness,
lightheadedness, heart palpitations, chest pain, anxiety, lack of
concentration, vivid nightmares, excessive nervousness while in a
motor vehicle, "emotional upset and shock to the nerves and nervous
system," emotional anguish and suffering, limited ability to perform
normal daily functions and social activities, "inability and limited
ability to engage in life's enjoyments and loss of employment and
career." Plaintiff sought damages for, inter alia, "her inability to
lead a normal life, permanency, pain and suffering[ and] future lost
earnings."

Plaintiff provided authorizations for defendants to obtain her medical records, but those authorizations were limited to post-accident treatment of her neck and back. Benz and FedEx (collectively, defendants) moved to compel plaintiff to provide authorizations for post-accident medical records relating to other treatment, as well as pre-accident medical records. In response to defendants' motion, plaintiff agreed to provide defendants with authorizations permitting them to obtain her pre-accident medical records "for the body parts at issue," i.e., her "neck, back, shoulders, arms, legs, buttocks, headaches and chest." During the course of discovery, it became apparent that plaintiff suffered from a preexisting mental illness. In particular, a psychotherapist's notes from approximately two years prior to the accident indicate that plaintiff had not worked in two years and that she was applying for Social Security Disability (SSD) benefits. Defendants thus sought plaintiff's authorization for records from the Social Security Administration concerning any prior applications for SSD benefits.

At oral argument of the motion, plaintiff withdrew her claim for emotional distress as a result of the accident. Supreme Court granted the motion in part. The court, inter alia, ordered plaintiff to authorize the release of all pre-accident medical records relating to her "neck, back, shoulders, arms, legs, buttocks, headaches and chest," but it denied that part of defendants' motion seeking to compel plaintiff to authorize the release of records relating to any pre-accident applications for SSD benefits. The court, however, ordered plaintiff to provide defendants with the administrative determinations of all pre-accident applications for SSD benefits, and it ordered that all records relating to plaintiff's post-accident applications for SSD benefits be submitted to the court for in camera review.

We agree with defendants that the court abused its discretion in denying that part of their motion seeking to compel the disclosure of all records relating to plaintiff's pre-accident applications for SSD benefits. "The determinative factor is whether the records sought to be discovered are material and necessary in defense of the action" (*Bozek v Derkatz*, 55 AD3d 1311, 1312 [internal quotation marks omitted]; *see* CPLR 3101 [a]). Although plaintiff is no longer asserting a separate claim for emotional distress as a result of the accident, many of her broad allegations of injury, including her alleged limited ability to perform normal daily functions and social activities, as well as her alleged "inability and limited ability to engage in life's enjoyments and loss of employment and career," could have resulted from physical injuries sustained in the accident, her preexisting mental condition or some combination thereof (*see Tirado v Koritz*, 77 AD3d 1368, 1370; *see generally Geraci v National Fuel Gas Distrib. Corp.*, 255 AD2d 945, 946; *Kenyon v Caruso Dev. Co.*, 167 AD2d 966, 966-967). Further, plaintiff's previous allegation that she was unable to work may be relevant to her current claim of "loss of employment and career" (*see generally Kenyon*, 167 AD2d at 967). Finally, plaintiff's preexisting mental condition may be relevant insofar as she seeks damages for, inter alia, "her inability to lead a normal life, permanency, pain and suffering[ and] future lost

earnings" (*see Vanalst v City of New York*, 276 AD2d 789; *Geraci*, 255 AD2d at 946).

We therefore modify the order by granting that part of defendants' motion seeking all records relating to plaintiff's pre-accident applications for SSD benefits and directing plaintiff to submit those records to the court, and we remit the matter to Supreme Court for an in camera review of those records to determine whether they are material and related to any physical or mental condition placed in issue by plaintiff (*see Goetchius v Spavento*, 84 AD3d 1712, 1713; *Tirado*, 77 AD3d at 1370; *Tabone v Lee*, 59 AD3d 1021, 1022-1023).

Entered:  June 15, 2012                        Frances E. Cafarell
                                               Clerk of the Court