# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**659**

**CA 12-02391**

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

CHRISTOPHER RAWLINS, BY AND THROUGH HIS LEGAL
CUSTODIAN, ANGELA RAWLINS, PLAINTIFF-APPELLANT,

V                                         MEMORANDUM AND ORDER

ST. JOSEPH'S HOSPITAL HEALTH CENTER, ST.
JOSEPH'S MATERNAL CHILD HEALTH CENTER, MATERNAL
CHILD HEALTH CENTER PEDIATRICS, MATERNAL CHILD
HEALTH CENTER OB/GYN, STEPHEN M. BROWN, M.D.,
JASON E. BERNAD, M.D., KATHERINE M. WALKER, M.D.,
AND STEPHANIE A. DIPERNA, M.D.,
DEFENDANTS-RESPONDENTS.

---

SIDNEY P. COMINSKY TRIAL LAWYERS, LLC, SYRACUSE (SIDNEY P. COMINSKY OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS ST. JOSEPH'S HOSPITAL HEALTH CENTER, ST.
JOSEPH'S MATERNAL CHILD HEALTH CENTER, MATERNAL CHILD HEALTH CENTER
PEDIATRICS, MATERNAL CHILD HEALTH CENTER OB/GYN, JASON E. BERNAD,
M.D., KATHERINE M. WALKER, M.D. AND STEPHANIE A. DIPERNA, M.D.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered March 16, 2012. The order denied
in part plaintiff's motion to compel certain discovery responses.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting those parts of the motion
for discovery of certain materials sought in items 12, 14, 15, 16, 21,
24 and 29, and as modified the order is affirmed without costs, and
the matter is remitted to Supreme Court, Onondaga County, for a
hearing with respect to certain materials sought in items 12, 15, 16,
21 and 53 in accordance with the following Memorandum: Plaintiff's
legal guardian commenced this medical malpractice action seeking
damages for injuries allegedly sustained by the infant plaintiff
during his birth at defendant St. Joseph's Hospital Health Center
(hospital). Plaintiff appeals from an order that denied in part his
motion to compel certain discovery responses from the hospital and the
remaining defendants with the exception of Stephen M. Brown, M.D.
(collectively, defendants). On this appeal, plaintiff challenges
Supreme Court's rulings with respect to 37 of his 56 discovery
requests. As a preliminary matter, we reject plaintiff's contention
that we should conduct a de novo review of his discovery demands (*see
e.g. Giles v Yi*, 105 AD3d 1313, 1315-1316; *Finnegan v Peter, Sr. &*

*Mary L. Liberatore Family Ltd. Partnership*, 90 AD3d 1676, 1677; *see also Radder v CSX Transp., Inc.*, 68 AD3d 1743, 1745).

On the merits, we note that CPLR 3101 requires "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]).  The phrase " 'material and necessary should be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason' " (*Matter of Wendy's Rests., LLC v Assessor, Town of Henrietta*, 74 AD3d 1916, 1917; *see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407).  "Entitlement to discovery of matter satisfying the threshold requirement is, however, tempered by the trial court's authority to impose, in its discretion, appropriate restrictions on demands which are unduly burdensome . . . and to prevent abuse by issuing a protective order where the discovery request may cause unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (*Kooper v Kooper*, 74 AD3d 6, 10 [internal quotation marks omitted]; *see* CPLR 3103 [a]).  In opposing a motion to compel discovery, a party must "establish that the requests for information are unduly burdensome, or that they may cause unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (*Kimball v Normandeau*, 83 AD3d 1522, 1523 [internal quotation marks omitted]; *see generally* CPLR 3103 [a]).

Applying those rules here, we conclude that the court erred in denying plaintiff's motion with respect to items 12, 14-16, 21, 24, 29, and 53, and otherwise properly denied the motion.  We therefore modify the order accordingly.  With respect to those parts of the motion properly denied by the court, we note that the court did not abuse its discretion in defining "the period of time at issue" as the period from January 1, 2001 to December 31, 2002.  " 'The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage' " (*James v Wormuth* [appeal No. 2], 93 AD3d 1290, 1291, *affd* ___ NY3d ___ [June 27, 2013]).  The "standards of practice" element logically applies to the time at which the alleged deviation occurred (*see Vera v Soohoo*, 41 AD3d 586, 588; *Nicholas v Reason*, 84 AD2d 915, 915) and, here, the court's "period of time at issue" includes August 27, 2002, the date of plaintiff's birth.  The court's "period of time" also should apply to those parts of the order concerning the discovery requests that we conclude should have been granted herein, to the extent that the materials sought by plaintiff in those requests existed during that period.

With respect to items 12 and 21, plaintiff sought discovery of certain national standards published by various organizations for fetal monitoring and pediatric advancement of life support.  Upon our review of plaintiff's "statements of facts and claims," we conclude that plaintiff sought discovery of those standards in order to aid him in establishing the alleged negligence of defendant Stephen M. Brown, M.D. in failing to identify evidence of fetal distress, and the

hospital's alleged negligence in allowing and engaging in improper neonatal resuscitation. We further conclude that those documents are "material and necessary" to the prosecution of those claims in this action (CPLR 3101 [a]) and, thus, that the court abused its discretion in denying those parts of plaintiff's motion with respect to them (*see Boyea v Benz*, 96 AD3d 1558, 1559). Contrary to defendants' contention, the alleged public availability of those documents fails to meet the standards for "[p]revention of abuse" set forth in CPLR 3103 (a) (*see Kimball*, 83 AD3d at 1523). Moreover, the fact that "the documents sought may be available in public records does not, in itself, preclude production of those records from a party" (*Alfaro v Schwartz*, 233 AD2d 281, 282; *see Long v State of New York*, 33 AD2d 621, 621; *cf. Matter of Beryl*, 118 AD2d 705, 707). In any event, defendants concede that there is some doubt whether the documents plaintiff seeks in item 12 are available to the public. Inasmuch as defendants contend for the first time on appeal that there should be no disclosure with respect to item 12 because they are not in possession of the documents sought in items 12 and 21, we remit the matter to Supreme Court for a hearing to determine whether defendants possess the documents covered by those items (*see generally Matter of Niagara County Water Dist. v Board of Assessors of City of Lockport*, 31 AD2d 1004, 1005).

We agree with plaintiff that the court abused its discretion in denying that part of his motion seeking discovery of a protocol entitled "Circulating Vaginal Delivery" (CVD), pursuant to item 14 (*see Boyea*, 96 AD3d at 1559; *see also Alfaro*, 233 AD2d at 282). We conclude that the CVD protocol is "material and necessary" to the prosecution of plaintiff's action (CPLR 3101 [a]). Defendants' purported lack of knowledge with respect to the CVD protocol does not preclude disclosure of that document (*see generally Kimball*, 83 AD3d at 1523). Also under item 14, plaintiff sought discovery of documents with respect to the interpretation and management of fetal heart rate patterns, and we further conclude that such documents are "material and necessary" to the prosecution of this action (CPLR 3101 [a]). We reject defendants' contention that the request for those documents is unduly burdensome (*see Engel v Hagedorn*, 170 AD2d 301, 301; *see generally* CPLR 3103 [a]). We do not address defendants' final contention with respect to item 14, which is unpreserved for our review (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

With respect to item 15, we conclude that the court abused its discretion in denying plaintiff's motion to the extent that he sought discovery of materials concerning cesarean sections. We conclude that those materials are "material and necessary" to the prosecution of plaintiff's action (CPLR 3101 [a]), and we note that defendants' purported lack of knowledge with respect to those materials does not preclude disclosure of them (*see Kimball*, 83 AD3d at 1523). Nevertheless, we further remit the matter to Supreme Court to determine at the hearing whether defendants possess the materials requested by plaintiff in item 15.

With respect to item 16, we conclude that the court abused its

discretion in denying plaintiff's motion to the extent that he sought discovery of materials concerning intrapartum and antepartum suctioning, as well as certain guidelines of the Association of Women's Health, Obstetric, and Neonatal Nurses and the American Congress of Obstetricians and Gynecologists, on the ground that plaintiff was seeking public information (*see Boyea*, 96 AD3d at 1559). As we have noted above, the fact that materials "may be available in public records does not, in itself, preclude production" of those materials from a party (*Alfaro*, 233 AD2d at 282). Defendants' contention that they do not possess the materials likewise is raised for the first time on appeal, and we therefore further remit the matter to Supreme Court to determine at the hearing whether defendants possess those materials (*see generally Niagara County Water Dist.*, 31 AD2d at 1005).

We further conclude that the court abused its discretion in denying plaintiff's motion to the extent that he sought discovery under item 24, concerning materials containing criteria for determining whether neonatal encephalopathy has occurred and for designating asphyxia or hypoxia in a newborn (*see Boyea*, 96 AD3d at 1559). We conclude that the materials concerning the hospital's criteria for designating asphyxia or hypoxia, i.e., oxygen deprivation, in a newborn are "material and necessary" to the prosecution of this action (CPLR 3101 [a]), and defendants have not demonstrated that they would be unduly burdened by the production of those materials (*see Kimball*, 83 AD3d at 1523; *see generally* CPLR 3103 [a]).

The court likewise abused its discretion in denying plaintiff's motion insofar as plaintiff sought discovery under item 29, concerning materials containing referral protocols for infants, including exemplars of any forms used in the evaluation of children at risk for developmental delays (*see Boyea*, 96 AD3d at 1559). Those materials are "material and necessary" to the prosecution of plaintiff's action (CPLR 3101 [a]), and defendants have not met their burden of establishing that production of those materials would be unduly burdensome (*see Kimball*, 83 AD3d at 1523; *see generally* CPLR 3103 [a]).

Finally, with respect to item 53, plaintiff sought discovery of "[u]nredacted policies and procedures identified during the inspection permitted by" the court's initial discovery order. Defendants responded that the initial discovery "order acknowledged that information and materials requested [are] subject to privilege defenses that could not be fully evaluated due to scope of materials involved," and that the "[R]eferee's work is not complete" in that regard. The Referee indicated that his "recollection is that [the hospital's] response is accurate in part. It is not in the order but understood that privileged material [is] exempt." The court concluded that "[n]o production/response [was] required." The record before us does not indicate whether the Referee ever determined what information in the materials were covered by privilege, and we therefore cannot review whether any discovery with respect to item 53 is required. Consequently, we further remit the matter to Supreme Court so that

defendants may produce for an in camera review "all the procedures and protocols" that plaintiff was permitted to review following the initial discovery order, to enable the court to determine what information therein, if any, is privileged (*see Nichter v Erie County Med. Ctr. Corp.*, 93 AD3d 1337, 1338).

Entered:  July 19, 2013                              Frances E. Cafarell
                                                     Clerk of the Court