Almalahi v NFT Metro Sys., Inc. (2019 NY Slip Op 06317)





Almalahi v NFT Metro Sys., Inc.


2019 NY Slip Op 06317


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


658 CA 18-01604

[*1]CAROL ROBERSON ALMALAHI, PLAINTIFF-APPELLANT,
v
NFT METRO SYSTEMS, INC., DEFENDANT-RESPONDENT. 






LAW OFFICE OF BARRY J. DONOHUE, TONAWANDA (BARRY J. DONOHUE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
VICKY-MARIE BRUNETTE, DEPUTY GENERAL COUNSEL, BUFFALO, GOLDBERG SEGALLA LLP (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 8, 2018. The order, insofar as appealed from, granted the motion of defendant to compel plaintiff to provide certain medical authorizations. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she fell on one of defendant's fixed-route buses and appeals from an order that, inter alia, granted defendant's motion to compel plaintiff to provide certain unrestricted medical authorizations. We affirm.
According to plaintiff, she had rung the bell for the bus to stop, and she fell when the bus began moving again, before she could disembark. According to the driver of the bus, after he heard the bell for a stop, he stopped the bus and checked his mirror. When he did not see anyone moving to disembark, he thought that the bell had been sounded by mistake, and he slowly pulled away from the curb. As he did so, he heard the "thud" of plaintiff falling.
In her complaint, as amplified by her bill of particulars, plaintiff alleged a serious injury within the meaning of Insurance Law § 5102 (d) with respect to her cervical spine and left shoulder. Plaintiff sought damages for past, present, and future pain and suffering, medical expenses, and loss in excess of basic economic loss. In response to defendant's discovery demands, plaintiff executed authorizations for defendant to obtain her medical records, but only with respect to her cervical spine, left shoulder, and lumbar spine. Defendant eventually moved to compel plaintiff to execute additional unrestricted authorizations covering other health conditions in plaintiff's medical history, including prior injuries to her left and right knees; a replacement of her right knee; injuries to her hip, buttock, elbow, hands and left upper arm as a result of two prior falls in 2014 and 2015; a carpal tunnel surgery five days before her fall on the bus; diabetes; and high blood pressure (collectively, disputed health conditions). The record establishes that some of those disputed health conditions, among others, had rendered plaintiff permanently disabled since the 1990s and required her to use a walker outside the home since the year 2000. Notably, plaintiff was using a rolling walker on the bus at the time of her fall, although she was holding onto it with only her right hand because her left hand was still in a cast due to her carpal tunnel surgery.
We conclude that Supreme Court did not abuse its discretion in granting the motion (see generally Rivera v Rochester Gen. Health Sys., 144 AD3d 1540, 1541 [4th Dept 2016]; Marable v Hughes, 38 AD3d 1344, 1345 [4th Dept 2007]). We agree with plaintiff that she waived her physician-patient privilege only with respect to the physical conditions that she has affirmatively [*2]placed in controversy (see Castro v Admar Supply Co., Inc. [appeal No. 2], 159 AD3d 1616, 1619 [4th Dept 2018]). Contrary to plaintiff's contention, however, she has affirmatively placed in controversy her disputed health conditions by her allegation that defendant's negligence was the sole cause of her accident and injuries, and we note that defendant challenged that allegation in its answer with the affirmative defense of plaintiff's comparative negligence (see generally id.). Defendant submitted evidence in support of its motion that plaintiff had registered in 2013 for defendant's Paratransit Access Line (PAL) service, which afforded plaintiff transportation from her residence to her destination without having to use defendant's fixed-route bus service and also provided plaintiff assistance in boarding, seating, and disembarking. Defendant had also approved, at no extra cost to plaintiff, a personal care assistant to accompany her on her PAL trips. Defendant submitted the affidavit of one of its employees, who averred that plaintiff's PAL application had been approved based on the representations of plaintiff and her medical provider regarding plaintiff's disabilities and her inability to navigate defendant's fixed-route bus service. Plaintiff was still registered for the PAL service at the time of her fall on the fixed-route bus. In light of those undisputed facts, we agree with defendant that the medical records covering plaintiff's disputed health conditions—which involve her ability to stand, steady herself, and ambulate—may contain relevant information that is material and necessary to the defense of the action with respect to the element of causation or to defendant's related affirmative defense of comparative negligence (see CPLR 3101 [a]; see also Geraci v National Fuel Gas Distrib. Corp., 255 AD2d 945, 946 [4th Dept 1998]).
We further agree with defendant that plaintiff's medical records covering the disputed health conditions may contain information that is material and necessary to the defense of the action on the issue of serious injury. Despite a demand from defendant to do so, plaintiff failed to particularize the duration and permanency of the injuries she sustained from her fall on the bus, and the record is therefore unclear concerning the category or categories of serious injury under which plaintiff claims she is entitled to damages (see generally Insurance Law § 5102 [d]). In light of that open question, we cannot conclude that the court abused its discretion in ordering plaintiff to execute the broad authorizations sought by defendant (see generally Rivera, 144 AD3d at 1541; Marable, 38 AD3d at 1345).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court