### BESSIE A. HEALEY *vs.* DEXTER H. SPAULDING.

### Kennebec.    Opinion March 24, 1908.

*Private Nuisance.    High Fence Maliciously Maintained.    Retaliatory Acts*
*Unlawful.    Statute 1905, chapter 167.    Revised Statutes, chapter 22, section 6.*

1.  Though injurious acts done in self-defense may be justifiable, such acts done for retaliation are not justifiable by the law.

2.  If acts begun in self-defense are extended to retaliate for injuries received, they become unlawful.

3.  One may erect upon his own land a fence as much higher than six feet as may be necessary to protect himself, his family and his property from annoyances inflicted or threatened by his neighbor.  But if he build the fence still higher for the malicious purpose of annoying his neighbor in turn, such extra height is unlawful and a private nuisance under the statute R. S., chapter 22, section 6.

4.  In determining whether such fence is a private nuisance under the statute it is not necessary to show that the purpose of annoyance was the sole purpose.  It is enough to show that it was the dominant one.

On motion by plaintiff.    Sustained.

Action on the case brought by the plaintiff in the Superior Court, Kennebec County, to recover damages for an alleged private nuisance maintained by the defendant, consisting of a tight board fence, twelve feet in height, erected on land of the defendant and near the dividing line between the plaintiff's lot and the defendant's lot.    The declaration in the plaintiff's writ is as follows :

"In a plea of the case, for that the plaintiff says that she is the owner and occupant of a lot of land situate on the westerly side of Burleigh Street in the city of Waterville in said county of Kennebec, upon which stands her residence numbered twenty-eight in the numbering of the buildings on said Burleigh Street, and bounded northerly by a lot of land on said Burleigh Street occupied by the defendant, and upon which the house occupied by the defendant as a dwelling now stands.

"And the plaintiff says that on the thirtieth day of July, A. D. 1906, the defendant maliciously erected, and since that date has

maliciously kept and maintained upon said lot occupied by him, for the purpose of annoying the plaintiff, a tightly built fence or structure in the nature of a fence, unnecessarily exceeding six feet in height, to wit of the height of twelve feet from near the front of said lot on Burleigh Street along the line or near the line that divides the lot of land of the plaintiff from that occupied by the defendant, for the distance of thirty-five feet.

"That said fence or structure in the nature of a fence interfered with the passage of light and air to the windows on the northerly side of the plaintiff's said residence, and the view in a northerly direction from the windows in plaintiff's said residence is obstructed by said fence or structure in the nature of a fence, whereby the rooms in the northerly part of plaintiff's said residence are darkened, made less pleasant and fit for occupancy. And the plaintiff alleges that said fence or structure in the nature of a fence, injures her in the comfort and enjoyment of her said estate and her said property. Wherefore by virtue of the statute in such case made and provided an action hath accrued to the plaintiff to recover of the defendant the damages sustained thereby."

Plea, the general issue with brief statement as follows:

"And for a brief statement of special matter of defence to be used under the general issue pleaded, the defendant further says that plaintiff was at the time of erection of the fence complained of and for many years prior thereto had been and still is a common scold and public nuisance, causing constant and extreme annoyance and injury to all persons in her vicinity, and that she caused great and continuous annoyance to defendant and his family, and abused, insulted and slandered himself, his wife and his little child.

"And defendant further says that plaintiff with her two minor daughters who lived with her in the house mentioned at the time of and before the erection of the fence complained of were in the habit of constantly mocking, reviling and ridiculing defendant, his wife and little child.

"And defendant further says that plaintiff at and before the erection of the fence complained of was in the habit of throwing, putting and placing upon his lot and upon his property thereon,

dust, dirt and refuse to the great damage and injury of his said lot and property.

"And defendant says that the annoying, injurious and insulting practices above alluded to were practiced and carried on by plaintiff and her said minor daughters living with her in the house mentioned from the piazzas and windows on the side of her house next to his house and lot, wherefore he erected the fence complained of to protect his property and to secure peace and quiet for his family and himself."

Tried at the June term, 1907, Superior Court, Kennebec County. Verdict for defendant. The plaintiff then filed a general motion for a new trial.

The case appears in the opinion.

Revised Statutes, chapter 22, section 6, relating to a fence as a private nuisance, provides as follows: "Any fence or other structure in the nature of a fence, unnecessarily exceeding six feet in height, maliciously kept and maintained for the purpose of annoying the owners or occupants of adjoining property, shall be deemed a private nuisance."

*Charles F. Johnson*, for plaintiff.

*Harvey D. Eaton and Warren C. Philbrook*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, KING, JJ.

EMERY, C. J. The plaintiff and defendant owned and occupied dwellings on small adjoining lots in a city. The defendant built on his lot, but close to the plaintiff's lot and within a foot of her house, a tight board fence extending from the street some thirty-five feet back. For a few feet next the street the fence was about six feet high, but for the rest of the distance it was some twelve feet high and up nearly even with the tops of the plaintiff's lower story windows. It practically shuts in her back porch, materially darkens her lower story rooms on that side, and shuts off her view along the street in that direction. She claims that the fence was unnecessary and was built maliciously for the purpose of annoying her, against the provisions of the statute, R. S., ch. 22, sec. 6.

The defendant denies that the fence was built maliciously for the purpose of annoying the plaintiff, and claims it was built to protect himself and family from persistent insulting and annoying language and conduct on the part of the plaintiff and her family. Whether that was the real dominant motive for building the fence was the question, as the defendant admits such a fence was not necessary for any other purpose.

The jury found for the defendant, but we think enough appears from the defendant's own testimony to make it clear that the jury erred, either in their understanding of the law or of the force of the testimony. It was not necessary for the plaintiff to prove that malice, the purpose to annoy, was the sole motive for building the fence. It was only necessary to prove that such was the dominant motive. Granting, as claimed, that the plaintiff and her daughters annoyed the defendant and his family by using opprobrious epithets, by mocking pantomime, and by shaking dirty rugs so that the dust would blow over on the defendant's line of washed clothes, (and the annoyance does not appear to have been anything more) the tenor of the defendant's testimony shows that he was not a patient sufferer acting only on the defensive. He was in his turn an aggressor and an exasperating aggressor. His aggressions appear to have been the beginning of the troubles. His testimony showed much animosity against the plaintiff and a disposition to ignore her rights. All this, and the extraordinary and unnecessary height of the fence (twelve feet) causing such serious injury to the plaintiff and her property, satisfy us, notwithstanding the verdict of the jury, that the fence was built to that extreme height more for retaliation, for punishment, than for defense. We fear the jury did not have in mind the distinction between retaliation and defense. The lay mind is too apt to regard retaliation as justifiable, but the law never does. In a well ordered state, no one is allowed to retaliate for any injury. He must resort to legal remedies which are ample. The defendant had complete protection from the plaintiff's annoying conduct in the statute, Public Laws 1905, ch. 167, or by a much lower fence.

*Motion sustained.*
*Verdict set aside.*