## Wilson, et al. v. Irwin, et al.

(Decided June 21, 1911.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

The court may compel by injunction the removal of a fence built by the defendant on his own lot to deter the plaintiff from prosecuting the action against him to obtain an injunction requiring him to move from the land certain dog kennels which he maintained there.

JNO. H. CHANDLER and W. B. FLEMING for appellant.

W. O. HARRIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Elizabeth W. Irwin owned a house and lot on Second street, near York, in Louisville, which she rented to Mrs. G. T. Brooks. Benjamin Wilson and Mrs. Jennie D. Stratton were tenants of an adjoining residence on which they kept dog kennels in which were a number of dogs. The dogs were very annoying to the neighboring owners, and this suit was brought to enjoin the keeping of the dog kennels on the ground that they were a nuisance. Proof was heard by the court, and on evidence which amply sustained his conclusion, the court granted a temporory injunction on July 5, 1909, restraining the defendants from maintaining the kennels for breeding purposes or from keeping any dogs that bark unnecessarily or otherwise annoy the neighbors, and requiring them to remove from the lot all the dogs save one. After the preliminary injunction was granted and

while the suit was still pending Wilson, to deter the plaintiffs from further prosecuting the said suit to Mrs. Brooks, "If you women give me any trouble and make me move my dogs, I am going to put up a 20 foot fence." They persisted in their suit and he then put up a 20 foot fence between the two lots. He did not move his dogs and the court fined him for contempt in disobeying the order of the court. The plaintiffs filed an amended petition in which they alleged that he had built the fence beginning it on July 19 for the purpose of deterring them from prosecuting the suit that it was wholly unnecessary and useless and was also built for the purpose of resisting and rendering difficult the enforcement of the court's injunction and to punish them for resorting to law, by making the property unsightly and driving away tenants. They alleged that the fence was a nuisance to them and to the entire neighborhood. They prayed that Wilson be required to remove the fence. The court, by his final judgment, made perpetual the preliminary injunction as to the dogs and kennels, and also required Wilson to remove the fence. This appeal is taken from so much of the judgment as requires the removal of the fence.

The court in disposing of the question filed a written opinion in which among other things he said:

"The question is, will the court sit quietly by and permit a litigant to annoy and harass his adversary in this manner in the hope of deterring his adversary from seeking protection from the court. The fence was erected following a threat and after the court had ordered the temporary injunction prohibiting the continuation of the dog breeding establishment. The court's first duty is to protect its litigants and to permit nothing to be done which tends to the miscarriage of justice. One may have the right to build a spite fence, but not for the purpose of driving a litigant from a court of justice. One may give a person $50 to leave the State, but not to prevent him from testifying. Again, one may sue another, but he may not threaten to do so if he comes into the jurisdiction to testify. The question of contempt in the matter at bar is not difficult of distinction from the case of a complaining neighbor against one who has built a fence which excludes his light and air. The doctrine of ancient rights is not involved here, but the doctrine of having causes in court heard and disposed of in an orderly way, free from duress and oppression. Much

has been said about the feeling existing between the parties. Such feeling is deplorable but may well be expected of persons of ordinary sensibilities who have a dog breeding establishment maintained in their neighborhood, particularly in a densely populated neighbor- in a city.''

The record leaves no doubt in our minds that the fence was built for spite, and in an effort to deter the plaintiffs from prosecuting their suit for the removal of the dogs and kennels. Finding himself unable to defeat the action in court, Wilson undertook to intimidate the two women by threatening to erect and then erecting an unsightly and unreasonable fence which injures all the property in the neighborhood. Any obstruction of public justice is a public offense; any effort to thwart justice or to interfere with its orderly administration, is a contempt of court. In French v. Commonwealth, 30 R., 98, the defendant was fined $5,000 for running off a witness to keep him from testifying on the trial of a case. Upon the same principle it has been held that suing a witness for the purpose of intimidating him from testifying is a comtempt of court where no proper motive inspired the suit. (In re Healey, 53 Vt., 94. See also Bridges v. Sheldon, 7 Fed., 19.) Justice can not properly be administered if litigants are intimidated. The courts must be free, and it is the duty of the court to protect litigants no less than witnesses that the orderly administration of justice shall not be impeded. The record amply sustains the court's findings of fact, and on these findings he properly required the fence to be removed. It is insisted that Wilson had the right to build a fence on his own land, and build it as high as he pleased; but he had no right to interfere with the administration of justice and he may be required to remove anything that was built to interfere with justice.

It is also insisted that Wilson does not own the lot, and is only a tenant; that the landlord is not a party to the action and that the court was without power to order the fence removed without the landlord being before the court. An objection for the want of proper parties must be made in the trial court .This objection seems to be first made here. Wilson built the fence; it was his fence, built for his purposes; it adds nothing to the value of the property, but on the contrary is an injury to it. It was built pending the litigation with the consent of the landlord. The building of the fence was under the

circumstances a 'contempt of court, and the court had authority to require the defendant, who so built it, to remove it.

Judgment affirmed.