PHILIP SAPERSTEIN, Plaintiff, *v.* DANIEL BERMAN, Defendant.

Supreme Court, Kings Special Term, August, 1922.

Real property — when erection of fence over ten feet high is a private nuisance — injunction — Real Property Law, § 3 (added by Laws of 1922, chap. 374).

Section 3 of the Real Property Law, inserted by chapter 374 of the Laws of 1922, by virtue of which fences and structures may be declared to be private nuisances, is constitutional.

The property of plaintiff adjoins that of defendant who since the enactment of said statute of 1922 has built close to the side of plaintiff's building in which there are windows a division fence exceeding ten feet in height.   The fence which defendant evidently intended to extend above the heighth of plaintiff's windows was not completed at the time of the issuance of an order to show cause containing a temporary injunction.   *Held,* that under said statute of

1922 plaintiff was entitled to maintain an action to have the fence adjudged a private nuisance.

While the court will not in advance of the trial require the fence to be removed its further erection will be enjoined.

MOTION for an injunction *pendente lite.*

*Emanuel Mehl,* for plaintiff.

*Max L. Kane,* for defendant.

CROPSEY, J. By chapter 374, Laws of 1922, which became effective March 30, 1922, section 3 was inserted in the Real Property Law. It reads as follows:

" Fences and structures, when private nuisance. Whenever the owner or lessees of land shall erect or shall have erected thereon any fence or structure in the nature of a fence which shall exceed ten feet in height, to exclude the owner or occupant of a structure on adjoining land from the enjoyment of light or air, the owner or occupant who shall thereby be deprived of light or air shall be entitled to maintain an action in the supreme court to have such fence or structure adjudged a private nuisance. If it shall be so adjudged its continued maintenance may be enjoined. This section shall apply to all such existing fences or structures but shall not apply to any action now pending nor shall it preclude the owner or lessee of land from hereafter improving the same by the erection of any structure thereon in good faith."

The plaintiff's property adjoins that of defendant's wife. Defendant's affidavit, however, speaks of it as his property and no point is made of the fact that his wife is not a defendant. Evidently the defendant is equally responsible with his wife for the erection of the fence in question. The papers and the photographs show the fence is built close to the dividing line between the properties and extends from the ground more than ten feet in the air and is close to the side of plaintiff's building in which there are windows. The fence was not completed at the time of the issuance of the order to show cause which contained a temporary injunction. It is evidently the intention of defendant to erect the fence above the height of the plaintiff's windows. The fence is made of corrugated tin or iron and the side of it towards plaintiff's property is painted black. The other side is unpainted. The effect of the fence is to exclude plaintiff from the enjoyment of light and air. And that it was built for that purpose seems plain notwithstanding the denials of the defendant and his wife. The plaintiff's papers claim that he has an easement to the unobstructed light and air in his side windows by virtue of a paper claimed to have been

executed by a former owner of defendant's property. The answering affidavits indicate there can be no merit in this claim. Upon the argument of the motion plaintiff's counsel said he did not base his right to relief upon that ground.

The general rule of the common law is that an owner may build what he pleases upon his own property no matter what the effect may be upon the property of the adjoining owner, and that it is immaterial what his motive is in so doing. 1 R. C. L. p. 399, tit. " Adjoining Land Owners," § 38. But notwithstanding this general rule a number of jurisdictions have refused to follow it. And spite fences, so called, have been declared to be private nuisances, even where there was no statute on the subject, when it was found as a fact that they were built solely with the wicked purpose of injuring the adjoining owner and not for the benefit of the person erecting them. *Barger* v. *Barringer,* 151 N. C. 433; *Burke* v. *Smith,* 69 Mich. 380; *Peek* v. *Roe,* 110 id. 52; *Norton* v. *Randolph,* 176 Ala. 381; *Hibbard* v. *Halliday,* 58 Okla. 244; *Wilson* v. *Irwin,* 144 Ky. 311; *Bush* v. *Mockett,* 95 Neb. 552. The cases in New York that have been found on this subject are mostly old ones and seem to adhere to the common-law rule. *Pickard* v. *Collins,* 23 Barb. 444, 458; *Mahan* v. *Brown,* 13 Wend. 261; *Phelps* v. *Nowlen,* 72 N. Y. 39; *Levy* v. *Brothers,* 4 Misc. Rep. 48; *Adler* v. *Parr,* 34 id. 482.

The question here presented is: What is the effect of the new statute? Undoubtedly it is applicable to the facts presented, and in the circumstances shown it gives the plaintiff the right to maintain an action to have the fence adjudged a private nuisance and to have its continued maintenance enjoined. But defendant's counsel contends that the statute is unconstitutional, that it deprives a landowner of property rights without making compensation therefor. It is my opinion, however, that the statute is constitutional and I think it is a proper and lawful exercise of the police power. Somewhat similar statutes have been enacted in a number of the states and their constitutionality has been uniformly upheld. The reasons for so holding are set forth at length in those opinions and hence need not be stated here. *Rideout* v. *Knox,* 148 Mass. 368; *Healey* v. *Spaulding,* 104 Me. 122; *Horan* v. *Byrnes,* 72 N. H. 93; *Scott* v. *Wilson,* 82 Conn. 289; *Karasek* v. *Peier,* 22 Wash. 419. Some of these cases say that the fence must be practically a division fence, that is, that it must be on or close to the line of the property of the person who seeks to enjoin it. But if that be necessary, the fence in question here is so located. Such legislation as that in question is wholesome. People should not live merely to annoy their neighbors, and those

who do things solely for that purpose should be enjoined. Inasmuch as this is a new question in this state I will not, upon this preliminary motion, require the fence to be removed. Whether or not that shall be done will be for the trial court to decide. At the present time the further erection of the fence will be enjoined. Ten dollars costs to plaintiff.

Ordered accordingly.