(April 26, 1989)

■ In the Matter of ZENEIDA A. VELEZ, Appellant, v MARC SMITH et al., Respondents.—In a proceeding to validate a petition designating Zeneida A. Velez as a candidate for the public office of Member of the Community School Board in the 14th District, the petitioner appeals from a judgment of Supreme Court, Kings County (Garry, J.), dated March 23, 1989, which, after a hearing, dismissed her proceeding for lack of personal jurisdiction.

Ordered that the judgment is affirmed, without costs or disbursements.

We agree that the instant proceeding must be dismissed for lack of personal jurisdiction. The order to show cause which was signed on the last day for commencing this proceeding provided for service on the objector Marc Smith by personal delivery. Smith interposed a jurisdictional objection and a hearing was held. At the hearing it was brought out that the service was made on Smith's grandmother who owned the building in which Smith had an apartment, and in which the grandmother also resided in her own apartment. This service was made outside of Smith's presence and thus did not conform to the requirement for personal delivery contained in

CPLR 308 (1) *(Selby v Jewish Mem. Hosp.,* 130 AD2d 651). Moreover, the petitioner cannot rely on the fact that Smith received prompt notice of the proceeding. Notice received by unauthorized means does not confer personal jurisdiction. Neither can the petitioner rely on the alternative methods of personal service provided for by CPLR 308. The order to show cause used the terms "delivering personally" and not "[p]ersonal service" which appears in the caption to CPLR 308 and embraces all five methods of service thereafter enumerated *(see, Matter of Reilly v Scaringe,* 133 AD2d 900, *lv denied* 70 NY2d 609). The mode of service provided for in the order to show cause is jurisdictional in nature and must be complied with *(see, Matter of Bruno v Ackerson,* 39 NY2d 718). Therefore, the court does not have personal jurisdiction over the objector Marc Smith, and the proceeding was properly dismissed *(see, Matter of Butler v Gargiulo,* 77 AD2d 939). Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.