■ DUGWAY, LTD., Respondent, v FRANK FIZZINOGLIA, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered January 26, 1990 in Albany County, which, *inter alia,* denied defendant's cross motion to dismiss the complaint for failure to state a cause of action.

Plaintiff owns a sizable portion of land in the Town of Austerlitz, Columbia County, which is presently in the process of being cleared and developed for the purpose of selling and constructing upscale homes on the property. In November 1989, plaintiff commenced this action apparently alleging nuisance, prima facie tort and intentional interference with contractual relations against defendant, its adjoining neighbor, and seeking injunctive and monetary relief. According to plaintiff, defendant deliberately and intentionally placed assorted debris and an uninhabitable trailer on his property in close proximity to the main entrance to plaintiff's property for no purpose other than to create an eyesore to both plaintiff and its potential customers in order to pressure plaintiff into selling another parcel of land to defendant at a deflated price. Following joinder of issue, plaintiff moved for a preliminary injunction. Defendant principally cross-moved to dismiss the complaint for failure to state a cause of action. Supreme Court denied both motions without opinion and this appeal by defendant ensued.

Defendant's cross motion to dismiss was improperly denied. Accepting the allegations in the complaint as true, as we must

on a CPLR 3211 motion *(see, John R. Loftus, Inc. v White,* 150 AD2d 857, 859), we conclude that the complaint fails to sufficiently state an articulable cause of action. The allegations in the complaint patently fail to make out a cause of action for intentional interference with precontractual business relations *(see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 916; *Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915). Plaintiff's failure to allege special damages is fatal to any attempt to invoke the theory of prima facie tort *(see, Quail Ridge Assocs. v Chemical Bank, supra).* As for the theory of private nuisance, plaintiff has failed to sufficiently allege facts which would raise an inference that defendant's acts *substantially* interfered with plaintiff's use or enjoyment of the land *(see, Queens County Business Alliance v New York Racing Assn.,* 98 AD2d 743; 81 NY Jur 2d, Nuisances, § 6, at 317). Although plaintiff vaguely indicates that the "unsightly condition" of defendant's property interferes "with the rights of the plaintiff in the development of its property", in order to establish nuisance the inconvenience and interference complained of must not be "fanciful, slight, or theoretical, but certain and substantial, and must interfere with the physical comfort of the ordinarily reasonable person" (81 NY Jur 2d, Nuisances, § 16, at 332). In other words, "things merely disagreeable, which simply displease the eye * * * no matter how irritating or unpleasant, are not nuisances" (81 NY Jur 2d, Nuisances, § 17, at 333).

Due to our resolution of the case, it is unnecessary to address the remainder of the arguments, including defendant's alternative request for a change of venue.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion to dismiss the complaint for failure to state a cause of action; cross motion granted and complaint dismissed; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.