■ ELEONORE E. KOLODZIEJ, Appellant, v MILDRED MARTIN, Respondent. [672 NYS2d 555] —Order and judgment unanimously affirmed without costs. Memorandum: This action for declaratory and injunctive relief centers upon plaintiff's claim to a prescriptive easement over a small strip of property alongside defendant's house and defendant's right to build a fence along the boundary line between the parties' properties. Supreme Court did not abuse its discretion in denying plaintiff's motion for a preliminary injunction restraining defendant from

interfering with the claimed easement. Even assuming, arguendo, that plaintiff demonstrated a likelihood of success on the merits, we conclude that she failed to establish that she would be irreparably harmed without a preliminary injunction (*see, Borland v Wilson,* 202 AD2d 946, *lv dismissed* 84 NY2d 850). The court properly granted defendant's motion for summary judgment dismissing those causes of action alleging that the fencing violates section 511-115 of the Code of the City of Buffalo (Code) and constitutes a private nuisance. In response to proof that the fencing complies with the height requirements of the Code, plaintiff failed to show that the fencing is a substantial and unreasonable interference with her use and enjoyment of her property (*see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 570, *rearg denied* 42 NY2d 1102). "As a general rule, an owner is at liberty to use his property as he sees fit, without objection or interference from his neighbor, provided such use does not violate an ordinance or statute" (*Bove v Donner-Hanna Coke Corp.,* 236 App Div 37, 39). We have examined plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Order and Judgment of Supreme Court, Erie County, Mahoney, J.—Injunction.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.