ALEXANDER OGNENOVSKI et al., Respondents, v JEANNETTE WEGMAN, Appellant, et al., Defendants. (Appeal No. 1.) [713 NYS2d 594] —Order unanimously affirmed without costs. Memorandum: In appeal No. 1, Jeannette Wegman (defendant) appeals from an order that granted plaintiffs'.application for a preliminary injunction enjoining defendant from transferring her rights to two mortgages assigned to defendant General Warehouse Corporation (General Warehouse). In appeal No. 2, defendant appeals from an order that denied her application for a preliminary injunction enjoining plaintiffs from terminating her rights pursuant to a June 1997 agreement. In appeal No. 3, defendant appeals from an order denying her motion for summary judgment dismissing the complaint against her.

Defendant Robert L. Wegman (Wegman) and plaintiff Kocho

Ognenovski entered into a partnership agreement with respect to the ownership of real property owned by Wegman. The two mortgages that Wegman had given to Chemical Bank prior to the partnership arrangement were sold by Chemical Bank to General Warehouse. In order to avoid foreclosure by General Warehouse, Wegman and Kocho Ognenovski entered into an agreement with General Warehouse on June 3, 1997, that provided for the purchase of the mortgages by defendant, Wegman's wife. The agreement provided, *inter alia,* that defendant would pay General Warehouse the sum of $100,000 pursuant to the terms of a promissory note executed on the same date.

Plaintiffs allege that they entered into an oral agreement with defendant and Wegman in November 1998 pursuant to which plaintiffs would pay them $200,000 for their interest in the real property and the mortgages. Pursuant to that agreement, Wegman would withdraw from the partnership with Kocho Ognenovski and plaintiffs would purchase from defendant her rights to the subject mortgages. As part of the agreement, plaintiff Alexander Ognenovski was to pay to General Warehouse the $100,000 that defendant agreed to pay in the June 3, 1997 agreement with General Warehouse, and defendant would assign to plaintiffs her right to purchase the mortgages from General Warehouse pursuant to the June 3, 1997 agreement. Plaintiffs allege that, on November 2, 1998, Kocho Ognenovski paid Wegman a $5,000 deposit on the transaction and, on November 9, 1998, Alexander Ognenovski tendered a bank check in the amount of $100,000 to General Warehouse in order to purchase the mortgages, pursuant to the terms of the alleged oral agreement.

However, on November 17, 1998, during the pendency of her divorce action against Wegman, defendant advised General Warehouse that she intended to exercise her option to purchase the mortgages pursuant to the June 3, 1997 agreement. Plaintiffs commenced this action on November 20, 1998 to enforce the oral agreement that they allege requires defendant to assign to them her rights pursuant to the June 3, 1997 agreement.

The court did not abuse its discretion in granting plaintiffs' application for a preliminary injunction and denying defendant's application for a preliminary injunction (*see, Kolodziej v Martin,* 249 AD2d 941, *lv dismissed* 92 NY2d 919). Nor did the court err in denying the motion of defendant seeking summary judgment dismissing the complaint against her. The alleged oral agreement pursuant to which defendant would assign to plaintiff her right to purchase the mortgages from General

Warehouse is governed by the Statute of Frauds (*see,* General Obligations Law § 5-703 [1]; *Najjar v National Kinney Corp.,* 96 AD2d 836) and is therefore unenforceable unless the court determines that it must "compel the specific performance of [the] agreement[ ]" based on plaintiffs' alleged part performance (General Obligations Law § 5-703 [4]; *see, Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229, 235). The court properly determined that there are issues of fact whether plaintiffs' payment of $5,000 to Wegman and $100,000 to General Warehouse, purportedly on defendant's behalf, constitutes part performance of the oral agreement. Furthermore, defendant failed to establish that the oral agreement was an executory accord, i.e., an agreement made to resolve an existing dispute between plaintiffs and defendant (*see, Denburg v Parker Chapin Flattau & Klimpl,* 82 NY2d 375, 384). Such an agreement must be in writing (*see,* General Obligations Law § 15-501 [2]). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Injunction.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.