■ RAYMOND RUSCITO, SR., et al., Appellants, v SWAINE, INC., et al., Respondents. [793 NYS2d 475]—

In an action to recover damages based on an alleged private nuisance, the plaintiffs Raymond Ruscito, Sr., and John Swaine appeal from (1) a judgment of the Supreme Court, Suffolk County (Burke, J., at judgment; Lifson, J., at trial) entered September 28, 2004, which, upon an order of the same court (Lifson, J.), dated April 21, 2004, granting the defendants' mo-

tion to dismiss the complaint, made at the close of the plaintiffs' case, is in favor of the defendants and against them, and (2) an amended judgment of the same court dated November 1, 2004, which, upon the order, was in favor of defendants and against them.

Ordered that the appeal from the judgment entered September 28, 2004, is dismissed, as that judgment was superseded by the amended judgment dated November 1, 2004; and it is further,

Ordered that the amended judgment dated November 1, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court properly determined that the plaintiffs failed to adduce legally sufficient evidence that might have justified a verdict in their favor and against any of the defendants on a theory of private nuisance or otherwise. "Here, there was no indication that plaintiffs were prohibited from using or enjoying their property or that defendants exercised unreasonable control over the property. In addition, as the defendants' fence did not interfere with plaintiffs' right to light or air, such allegations did not form a sufficient basis for a private nuisance claim" (*Christenson v Gutman*, 249 AD2d 805, 808 [1998]; *see* RPAPL 843, 841; *Kolodziej v Martin*, 249 AD2d 941, 942 [1998]; *cf. Saperstein v Berman*, 119 Misc 205, 207 [1922]).

There is no merit to the plaintiffs' argument to the extent that it rests on the premise that the mere presence, on the adjoining property, of unsightly dumpsters, an abandoned icebox, "automobile hulks," or a "hideous rampart of dirt," without more, would give rise to a valid cause of action on a theory of private nuisance (*see Dugway, Ltd. v Fizzinoglia*, 166 AD2d 836, 837 [1990]; 81 NY Jur 2d, Nuisances § 33). "[T]hings merely disagreeable, however, which simply displease the eye . . . no matter how irritating or unpleasant, are not nuisances" (*Dugway, Ltd. v Fizzinoglia, supra* at 837, quoting 81 NY Jur 2d § 17 ; *see Valley Cts. v Newton*, 47 Misc 2d 1028 [1965]; *Metropolitan Life Ins. Co. v Moldoff*, 187 Misc 458, 460 [1946], *affd* 272 App Div 1039 [1947]; *see also Demarest v Hardham*, 34 NJ Eq 469 [1881]). There is similarly no merit to the plaintiffs' argument that a cause of action alleging private nuisance may be asserted merely because the presence of certain structures on their neighbors' property might render their own property less conspicuous from the roadway (*see generally Acme Theatres v State of New York*, 26 NY2d 385, 390 [1970]).

Accordingly, the amended judgment is affirmed. Adams, J.P., S. Miller, Crane and Mastro, JJ., concur.