Malone Jr., J.
Appeal from that part of an order of the Supreme Court (Tait, J.), entered December 26, 2007 in Tioga County, which partially denied defendant’s motion to dismiss the complaint.
Plaintiffs commenced this action seeking damages and a permanent injunction prohibiting defendant from constructing a water tank—35 feet in diameter and 30 feet high—on a parcel of land that abuts their property. Specifically, plaintiffs alleged that defendant violated the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), that defendant’s construction of the tank would constitute an unlawful taking, and the tank would be a public and private nuisance. Plaintiffs also moved, by order to show cause, for a preliminary injunction *1098 prohibiting defendant from continuing the construction of the tank. Defendant then moved to dismiss the complaint. Supreme Court denied plaintiffs’ motion for a preliminary injunction and partially granted defendant’s motion, dismissing the first three causes of action. Defendant now appeals from that part of the order denying its motion with respect to plaintiffs’ fourth cause of action, which alleged a private nuisance.
As is relevant here, a private nuisance is an intentional interference with a person’s right to use and enjoy his or her property that is “substantial in nature” and “unreasonable in character” (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977]; see LaJoy v Luck Bros., Inc., 34 AD3d 1015, 1016 [2006]; Dugway, Ltd. v Fizzinoglia, 166 AD2d 836, 837 [1990]). Plaintiffs alleged in their complaint that the water tank will substantially interfere with the use and enjoyment of their property because it will be located approximately 60 feet from their property line and will be “clearly visible from all parts of their backyard and home.” However, “ ‘things [that are] merely disagreeable, which simply displease the eye ... no matter how irritating or unpleasant, are not nuisances’ ” (Dugway, Ltd. v Fizzinoglia, 166 AD2d at 837, quoting 81 NY Jur 2d, Nuisances § 17, at 333). As such, plaintiffs’ allegation that the water tower will be visible from their home is insufficient to raise an inference of a substantial interference, even reasonably inferring from plaintiffs’ allegations that the tower will be unsightly (see Dugway, Ltd. v Fizzinoglia, supra). Nor is plaintiffs’ allegation that their home would be damaged in the event of a tank rupture—which was raised for the first time in opposition to defendant’s motion to dismiss—sufficient inasmuch as such danger is speculative and theoretical, rather than “known or substantially certain to result” (Christenson v Gutman, 249 AD2d 805, 808 [1998]; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d at 571).
Moreover, although allegations contained in the complaint are generally accepted as true for purposes of deciding motions to dismiss, plaintiffs’ allegations that defendant failed to conduct any SEQRA review or to consider alternative proposals for the location and design of the tank are “flatly contradicted by [the] documentary evidence” and, thus, can be rejected (1455 Washington Ave. Assoc. v Rose & Kiernan, 260 AD2d 770, 771 [1999] [internal quotation marks and citations omitted]; see Maas v Cornell Univ., 94 NY2d 87, 91 [1999]). As such, plaintiffs likewise failed to sufficiently allege that defendant’s actions were unreasonable. Accordingly, defendant’s motion to dismiss the complaint should have been granted in its entirety.
*1099 Cardona, EJ., Spain, Rose and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant’s motion to dismiss; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.