■ DONALD J. SPROTTE et al., Appellants, v PHILIP T. FAHEY et al., Respondents. [944 NYS2d 612]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to certain real property, and for a judgment declaring that the plaintiffs are the owners of the subject property by adverse possession, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated August 4, 2011, as denied their motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the plaintiff's motion for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiffs are the owners of the subject property by adverse possession.

The plaintiffs, Donald and Carol Sprotte, have owned a parcel of land in Rockville Centre (hereinafter the Sprotte Lot), since 1970. The lot bordering the southern part of the eastern side of the Sprotte Lot (hereinafter the Cahill Lot) was owned by James Kasschaus and Eileen Kasschaus from 1979 to 1989, and by the defendants Steven Rosenblum and Kathy Rosenblum from 1989 to 2011. The defendants Thomas Cahill and Barbara Cahill purchased the Cahill Lot in 2011. The lot bordering the northern part of the eastern side of the Sprotte Lot (hereinafter the Fahey Lot) was purchased by the defendants Philip Fahey and Margaret Fahey in November 1999.

When the plaintiffs purchased the Sprotte Lot in 1970, they erected a fence about 3.2 feet to the east of their actual property line, encroaching on both the Cahill Lot and the Fahey Lot. In 1980, they installed a pool filter, a hot water heater, a chlorinator, a pool pump, and an electrical outlet in this area. The plaintiffs also added inground sprinklers and lights to the property, and planted hemlock, holly, and azalea bushes. They maintained these plants, including replacing dead bushes, for 31 years. As he was preparing to sell the Cahill Lot in 2010 to the Cahills, Steven Rosenblum asked the plaintiffs to remove the pool equipment from the disputed portion of the Cahill Lot. The plaintiffs refused, and Rosenblum removed the equipment himself.

Shortly thereafter, the plaintiffs commenced this action, inter alia, to compel the determination of claims to the subject property. The plaintiffs moved for summary judgment on the complaint. In affidavits in opposition, Steven Rosenblum admitted that he had been aware that the plaintiffs were encroaching on his property, and Philip Fahey stated that the Faheys had maintained a tree on the disputed portion of the Fahey Lot since 1999. In an order dated August 4, 2011, the Supreme Court denied the plaintiff's motion.

Adverse possession requires that the possession be hostile and under claim of right, actual, open and notorious, exclusive, and continuous for a period of 10 years (*see* RPAPL 501; *Kelly v Bastianic*, 93 AD3d 691 [2012]). Pursuant to the law as it existed at the time the plaintiffs' adverse possession claim ripened (*see Hogan v Kelly*, 86 AD3d 590, 592 [2011]), to obtain title to land through adverse possession on a claim not based upon a written instrument, the plaintiffs had to demonstrate that they " 'usually cultivated, improved, or substantially enclosed the land' " (*Maya's Black Cr., LLC v Angelo Balbo Realty Corp.*, 82 AD3d 1175, 1176 [2011], quoting *Walsh v Ellis*, 64 AD3d 702, 703 [2009]; *see* RPAPL former 522; *cf.* L 2008, ch 269, § 5). Here, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by submitting the affidavit of Donald Sprotte, which demonstrated that the plaintiffs acquired the Cahill and Fahey Lots by adverse possession (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Supreme Court erred in finding that, in opposition, the defendants raised triable issues of fact. Philip Fahey's claim that the Faheys had maintained a tree on the disputed area of the Fahey Lot since 1999 is irrelevant, because the plaintiffs' claim to that land by adverse possession had already ripened nine years earlier. In addition, Steven Rosenblum's admission that the Rosenblums had been aware that the plaintiffs had been encroaching on their land did not refute the plaintiffs' showing that they had openly and notoriously possessed the land for at least ten years, since the Rosenblums neither attempted to eject the plaintiffs nor gave them express permission to use the land (*see Asher v Borenstein*, 76 AD3d 984, 986 [2010]; *see generally Barra v Norfolk S. Ry. Co.*, 75 AD3d 821, 824 [2010]).

Moreover, the Supreme Court erred in considering Thomas Cahill's statement that James Kasschaus had told him that "any use the Sprottes made of the area behind the garage during the Kasschauses' ownership of the property was based upon the Kasschauses' neighborly accommodation." "Although

hearsay evidence may be considered in opposition to a motion for summary judgment, it is insufficient to bar summary judgment if it is the only evidence submitted" (*Rodriguez v Sixth President*, 4 AD3d 406, 407 [2004]; *see Arnold v New York City Hous. Auth.*, 296 AD2d 355, 356 [2002]). Here, this hearsay statement was the only evidence submitted by the Cahills to show that the plaintiffs had permission to use the disputed portion of the Cahill Lot for 9 of the 10 years of the period of adverse possession. In addition, the Cahills failed to articulate why they were unable to obtain an affidavit from James Kasschaus.

Therefore, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the complaint.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate judgment declaring that the plaintiffs are the owners of the subject property by adverse possession (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.