■ Joseph Galchi et al., Respondents, v Laura Garabedian, Appellant. [961 NYS2d 588]—

In an action to permanently enjoin the defendant from trespassing on the plaintiffs' property, the defendant appeals from a judgment of the Supreme Court, Queens County (Kugelman, Ct. Atty. Ref.), entered June 25, 2010, as, upon a decision of the same court dated November 25, 2009, made after a nonjury trial, is in favor of the plaintiffs and against her, directing her to move her fence 1.9 feet onto her property, and, in effect, dismissing her counterclaim to recover damages for nuisance.

Ordered that the judgment is affirmed, with costs.

The plaintiffs own an unimproved parcel of real property adjacent to the defendant's parcel, which is improved with a single-family home. In this action alleging trespass, based upon the defendant's installation of a fence encroaching 1.9 feet onto the plaintiffs' property for a length of approximately 45 feet, the defendant contended that she acquired title to the subject strip by adverse possession.

Adverse possession requires that the possession be hostile and under claim of right, actual, open and notorious, exclusive,

and continuous for a period of 10 years (*see* RPAPL 501; *Sprotte v Fahey*, 95 AD3d 1103, 1104 [2012]; *Kelly v Bastianic*, 93 AD3d 691, 693 [2012]). Pursuant to the law as it existed at the time the defendant's adverse possession claim allegedly ripened (*see Hogan v Kelly*, 86 AD3d 590, 592 [2011]), to obtain title to land through adverse possession on a claim not based upon a written instrument, the claimant had to demonstrate that he or she " 'usually cultivated, improved, or substantially enclosed the land' " (*Maya's Black Cr., LLC v Angelo Balbo Realty Corp.*, 82 AD3d 1175, 1176 [2011], quoting *Walsh v Ellis*, 64 AD3d 702, 703 [2009]; *see* RPAPL former 522; *cf.* L 2008, ch 269, § 5; *Sprotte v Fahey*, 95 AD3d at 1104). "Because the acquisition of title by adverse possession is not favored under the law, these elements must be proven by clear and convincing evidence" (*Estate of Becker v Murtagh*, 19 NY3d 75, 81 [2012]).

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the Supreme Court properly found that the defendant did not sufficiently establish the required elements of her adverse possession claim. The court's determination in this regard rested largely on its assessment of the defendant's credibility, and we give deference to that credibility assessment (*see Zeltser v Sacerdote*, 52 AD3d 824, 826 [2008]). The defendant's challenges to certain of the court's evidentiary rulings are without merit.

Accordingly, the Supreme Court properly awarded judgment in favor of the plaintiffs on the trespass cause of action, directing the defendant to move the fence.

The defendant's counterclaim for nuisance was properly, in effect, dismissed (*see Ruscito v Swaine, Inc.*, 17 AD3d 560 [2005], *cert denied* 546 US 978 [2005]; *Dugway, Ltd. v Fizzinoglia*, 166 AD2d 836, 837 [1990]). Rivera, J.P., Hall, Roman and Miller, JJ., concur.