█ SCALAMANDER COVE, LLC, Appellant, v BRETT H. BACHMANN et al., Respondents. [987 NYS2d 902]—

In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Garguilo, J.), entered March 5, 2012, which, upon a decision of the same court (Esquirol, J.H.O.) dated August 24, 2010, made after a nonjury trial, determined that the defendants Brett H. Bachmann and Harold Bachmann, Jr., are the owners of the subject real property by adverse possession, and is in favor of all the defendants and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The defendants Brett H. Bachmann and Harold Bachmann, Jr. (hereinafter together the respondents), who sought to obtain title to the subject property by adverse possession, were obligated to prove that the possession was hostile and under claim of right, actual, open and notorious, exclusive, and continuous for a period of 10 years (see RPAPL 501; Marone v Kally, 109 AD3d 880, 882 [2013]; Sprotte v Fahey, 95 AD3d 1103, 1104 [2012]; Kelly v Bastianic, 93 AD3d 691, 693 [2012]). Further, because the adverse possession claim was not founded upon a written instrument, in order to obtain title to the subject property, the respondents were obligated to establish, in accordance with the law in effect at the time the claim allegedly ripened (see Galchi v Garabedian, 105 AD3d 700, 700-701 [2013]; Hogan v Kelly, 86 AD3d 590, 592 [2011]), that they " 'usually cultivated, improved, or substantially enclosed the land' " (Maya's Black Cr., LLC v Angelo Balbo Realty Corp., 82 AD3d 1175, 1176 [2011], quoting Walsh v Ellis, 64 AD3d 702, 703 [2009]; see RPAPL former 522; cf. L 2008, ch 269, § 5; Sprotte v Fahey, 95 AD3d at 1104). "Because the acquisition of title by adverse possession is not favored under the law, these elements" had to "be proven by clear and convincing evidence" (Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]).

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial justice had the advantage of seeing the witnesses and hearing the testimony (Northern Westchester Professional Park Assoc. v Town of Bed-

*ford*, 60 NY2d 492, 499 [1983]). Here, the Supreme Court properly concluded that the respondents established, by clear and convincing evidence, the required elements of adverse possession. The court's determination in this regard rested largely on its assessment of the respondents' credibility, and we give deference to that credibility assessment (*see Galchi v Garabedian*, 105 AD3d at 700-701; *Zeltser v Sacerdote*, 52 AD3d 824, 826 [2008]).

Accordingly, the Supreme Court properly determined that the respondents are the owners of the subject property by adverse possession, and dismissed the complaint against all of the defendants. Mastro, J.P., Lott, Sgroi and Cohen, JJ., concur.