Ferdinand v Salino (2019 NY Slip Op 01567)





Ferdinand v Salino


2019 NY Slip Op 01567


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-12800
 (Index No. 612821/16)

[*1]Susan Ferdinand, et al., respondents,
v Gary Salino, et al., appellants.


O'Brien & O'Brien, LLP, Nesconset, NY (Stephen L. O'Brien of counsel), for appellants.
Frederick P. Stern, P.C., Nesconset, NY (Richard I. Scheyer of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated November 15, 2016. The order granted the plaintiffs' motion for a preliminary injunction prohibiting the defendants from "placing signs on the plaintiffs' property located at 19 Wylde Road, Mount Sinai, Suffolk County, New York for the purpose of deterring others from entering [thereon], from harassing and intimidating the plaintiffs' invitees, blocking the driveway of the subject property, insulting the plaintiffs' invitees, videotaping or photographing the premises as well as the plaintiffs and their invitees, and any other action with the intent to chill the economic value of the property such as deterring potential workers, utility service workers or other occupants."
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof granting those branches of the plaintiffs' motion which were for a preliminary injunction prohibiting the defendants from "placing signs on the plaintiffs' property located at 19 Wylde Road, Mount Sinai, Suffolk County, New York for the purpose of deterring others from entering [thereon]," and "videotaping or photographing the premises as well as the plaintiffs and their invitees, and any other action with the intent to chill the economic value of the property such as deterring potential workers, utility service workers or other occupants," and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
On August 16, 2016, the plaintiff Susan Ferdinand, the owner of 19 Wylde Road in Mount Sinai (hereinafter the property), and her husband, the plaintiff David Ferdinand (hereinafter together the plaintiffs), commenced this action against Gary Salino and Karen Salino (hereinafter together the defendants), the owners of adjoining property located at 23 Wylde Road. The plaintiffs alleged that, after they purchased the property and began performing cosmetic renovations, the defendants, inter alia, posted misleading signs on the property regarding the legality of the plaintiffs' use of the property, made disingenuous complaints to the Town building inspector resulting in stop work orders, harassed and intimidated the plaintiffs' invitees and workers, and prevented utility [*2]workers from accessing the property. The plaintiffs asserted causes of action sounding in intentional infliction of emotional distress, prima facie tort, defamation, and private nuisance, and seeking a permanent injunction.
Simultaneously with the commencement of the action, the plaintiffs moved by order to show cause for a preliminary injunction to enjoin the defendants' conduct. The defendants opposed the motion. In an affidavit in opposition, Gary Salino admitted that he posted the signs on his own property, but denied harassing or intimidating the plaintiffs or their invitees or workers. The Supreme Court granted the plaintiffs' motion for a preliminary injunction, prohibiting the defendants from "placing signs on the plaintiffs' property located at 19 Wylde Road, Mount Sinai, Suffolk County, New York for the purpose of deterring others from entering [thereon], from harassing and intimidating the plaintiffs' invitees, blocking the driveway of the subject property, insulting the plaintiffs' invitees, videotaping or photographing the premises as well as the plaintiffs and their invitees, and any other action with the intent to chill the economic value of the property such as deterring potential workers, utility service workers or other occupants." The defendants appeal. We modify.
As an initial matter, the plaintiffs properly utilized CPLR 308(2) to effectuate personal service on Karen Salino in accordance with the order to show cause, which required "personal service [of the order to show cause] and the papers upon which it is based personally upon [the defendants]" (see Matter of Bell v State Univ. of N.Y. at Stony Brook, 185 AD2d 925; see also Matter of Correnti v Suffolk County Dist. Attorney's Off., 34 AD3d 578, 579-580; cf. Matter of Velez v Smith, 149 AD2d 753, 753).
Although we agree with the Supreme Court's determination to grant those branches of the plaintiffs' motion which were for a preliminary injunction prohibiting the defendants from blocking the driveway of the property or harassing or intimidating the plaintiffs' invitees, the preliminary injunction was otherwise overly broad and vague, and not supported by the plaintiffs' evidence. Although there was evidence that the defendants placed allegedly misleading signs on their own property, there was no evidence that the defendants placed any signs on the plaintiffs' property and, therefore, we disagree with the court's determination to grant that branch of the plaintiffs' motion which was to enjoin the defendants from placing signs "on the plaintiffs' property." To the extent the plaintiffs found the signs on the defendants' property distasteful, "things merely disagreeable . . . which simply displease the eye . . . no matter how irritating or unpleasant, are not nuisances" (Ruscito v Swaine, Inc., 17 AD3d 560, 561 [internal quotation marks omitted]; see Dugway, Ltd. v Fizzinoglia, 166 AD2d 836, 837; 81 NY Jur 2d, Nuisances § 33). Further, the prohibition on the defendants taking "any other action with the intent to chill the economic value of the property" was vague, and the prohibition on the defendants taking any videos or photographs of the property was overly broad (see J. H. & S. Theatres, Inc. v Fay, 260 NY 315, 319; Waters of White Lake, Inc. v Fricke, 276 App Div 628, 629-630).
The defendants' remaining contention is not properly before this Court and, in any event, is academic.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court