■ ROBERT IHRIG et al., Appellants, v NEW YORK ATLANTIC-INLAND, INC., Respondent.—Levine, J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered August 1, 1990 in Schoharie County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered October 22, 1990 in Schoharie County, which denied plaintiffs' motion for reconsideration.

Plaintiffs hired a general contractor to build a one-family dwelling for them in the Town of Cobleskill, Schoharie County. Construction continued from about the summer of 1987 to the spring of 1988. During this period, the Town had an agreement with defendant pursuant to which defendant performed the Town's building construction inspections and issuances of building permits and certificates of occupancy. Defendant issued a building permit for the construction of

plaintiffs' house in July 1987 and thereafter performed periodic inspections as the work progressed through to completion, as set forth in entries on a printed inspection checklist. The final inspection took place June 30, 1988, following which defendant issued a certificate of occupancy stating that the structure "substantially meets certain provisions of the New York State Uniform Fire Prevention and Building Code" (hereinafter State Code).

Subsequently, plaintiffs brought this suit for damages. The gravamen of the action is that defendant's inspections overlooked a series of major defects and deficiencies in construction of the house, constituting substantial violations of the State Code. Plaintiffs' first cause of action sounds in tort and alleges that defendant negligently performed its inspection and misrepresented in the certificate of occupancy that the construction was in compliance with State Code requirements, which representation plaintiffs relied upon in paying the general contractor in full for the construction. Plaintiffs' second cause of action is for breach of contract and seeks consequential damages claimed to be recoverable by them as third-party beneficiaries of the agreement for building construction inspection services between the Town and defendant.

Following joinder of issue, defendant moved for summary judgment dismissing the complaint. The moving affidavit averred that, as to plaintiffs' first cause of action, defendant owed no special duty to plaintiffs giving rise to a claim for negligent inspection and misrepresentation and, in any event, the language of the certificate of occupancy, stating merely that the structure "substantially" complied with "certain provisions" of the State Code, negated any right of plaintiffs to rely thereon. As to the second cause of action, defendant asserted, *inter alia,* that plaintiffs were not third-party beneficiaries entitled to recover for any breach of the agreement between defendant and the Town. Plaintiffs' opposing papers consisted of an attorney's affidavit, attached to which was an unverified engineer's report of State Code violations found upon an inspection of plaintiffs' house and the cost of curing them.

Supreme Court granted defendant's motion and dismissed the complaint. It found plaintiffs' opposition to dismissal of the first cause of action inadequate in that there was no sworn statement by a person with direct knowledge that plaintiffs in fact had relied on the certificate of occupancy in making their final payment to the general contractor. The court also held that, as a matter of law, plaintiffs were nothing more than

incidental beneficiaries of the agreement for inspection services between defendant and the Town and, hence, could not recover for any breach of that agreement. Supreme Court also denied plaintiffs' motion to renew and reargue. These appeals followed.

In our view, Supreme Court erred in dismissing plaintiffs' first cause of action for their failure to submit proof in admissible form of any actual reliance on the certificate of occupancy. Before plaintiffs were required to submit evidence creating a triable issue as to their actual reliance on the certificate of occupancy, it was first necessary for defendant, as the moving party, to tender evidence in prima facie form rebutting the allegations of actual reliance contained in the complaint (see, Zuckerman v City of New York, 49 NY2d 557, 562). Defendant's moving papers did not address the issue of actual reliance but, rather, attacked the reasonableness of such reliance in light of the claimed equivocal language of the certificate of occupancy. Since defendant's initial showing failed to address the issue of plaintiffs' actual reliance, the absence of proof of actual reliance was not a ground for granting defendant's motion, regardless of any insufficiency in plaintiffs' opposing papers in failing to support all elements of their cause of action (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853).

Nor has defendant asserted any other appropriate basis for dismissal of plaintiffs' first cause of action. Defendant conceded on appeal that the complaint sets forth sufficient facts to give rise to a special duty owed by it to plaintiffs, under this court's decision in Goudreau v City of Rensselaer (134 AD2d 709), and we shall not further address that issue. As to the right of plaintiffs to rely on any representations contained in the certificate of occupancy, in our view the language of the certificate, taken in conjunction with the inspections entered on the inspections checklist, gives rise to conflicting inferences with respect to whether defendant had represented that construction substantially complied with the provisions of the State Code, at least as to the areas and systems inspected. Hence, the proof in the record also gives rise to conflicting inferences regarding the reasonableness of plaintiffs' reliance thereon. The existence of conflicting inferences reasonably to be drawn from the evidence is sufficient to preclude summary judgment (see, Myers v Fir Cab Corp., 64 NY2d 806, 808).

We, however, agree with Supreme Court's dismissal of plaintiffs' breach of contract cause of action. Nothing in the agreement between the Town and defendant suggests any

intent to confer contract enforcement powers on owners of buildings under construction which defendant undertook the obligation to inspect, nor have plaintiffs established that they relied in any way on the Town's agreement with defendant. Likewise, plaintiffs have not pointed to any provisions of that agreement or to any extrinsic circumstances indicative of any intent on the part of the Town to benefit such owners as a class, as distinctive from benefiting all members of the general public who might have the occasion to be at risk by reason of fire or other safety hazards resulting from faulty construction of buildings within the Town. Thus, plaintiffs are incidental, rather than intended, beneficiaries of the inspection agreement between the Town and defendant and, therefore, may not recover as third-party beneficiaries for any breach of the agreement *(see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 44-46). Nor does the fact that defendant actually undertook the inspections of plaintiffs' house during construction convert their status from incidental to intended beneficiaries for purposes of recovery in contract *(see, Moch Co. v Rensselaer Water Co.,* 247 NY 160, 164-165).

The foregoing determination renders academic plaintiffs' appeal from the denial of their motion to renew and reargue.

Mahoney, P. J., Weiss and Mercure, JJ., concur. Ordered that the order entered August 1, 1990 is modified, on the law, without costs, by reversing so much thereof as granted the motion dismissing plaintiffs' first cause of action; motion denied to that extent; and, as so modified, affirmed. Ordered that the appeal from order entered October 22, 1990 is dismissed, as academic, without costs.