■ ROBERT RITCHIE et al., Appellants, v CARVEL CORPORATION, Respondent.—In an action, inter alia, to recover damages for civil racketeering, fraud and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Wood, J.), entered October 15, 1990, which granted the defendant's motion for a protective order striking the plaintiffs' notice to produce dated May 18, 1990, and interrogatories.

Ordered that the order is affirmed, with costs.

The defendant Carvel Corporation (hereinafter Carvel) is a corporation incorporated in Delaware with its principal place of business in Westchester County. It sells its ice cream and other frozen dessert products to the public through licensed retail stores known as Carvel "Ice Cream Factories". The

plaintiffs entered into retail licensing agreements with a distributor of Carvel's products in Arizona. When the businesses failed, the plaintiffs commenced this action to recover damages, *inter alia*, for civil racketeering, fraud, and breach of contract.

During the course of pretrial discovery, the plaintiffs served Carvel with interrogatories seeking detailed information regarding the earnings and expenses of every new Carvel store that had its first year of operation from 1982 through 1986 (225 stores in all). The plaintiffs also served Carvel with a notice to produce "[a]ll documents * * * which refer to or reflect the first and second year earnings and sales of Carvel stores during the period 1980-1987".

We find that the trial court did not improvidently exercise its discretion in striking the plaintiffs' interrogatories and notice to produce. The plaintiffs failed to establish the materiality of the information that they sought *(see,* CPLR 3101 [a]), and their mere assertion that the information might be relevant in helping them determine their lost profits, without more, was insufficient to show relevancy *(see, Crazytown Furniture v Brooklyn Union Gas Co.,* 150 AD2d 420, 421). Moreover, the plaintiffs failed to specify with "reasonable particularity" the documents that they required *(see,* CPLR 3120 [a] [1] [i]), and the use of the descriptions "any", "all", or "any and all" in the notice for discovery and inspection herein was improper *(see, Jonassen v A.M.F., Inc.,* 104 AD2d 484, 485). Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.