■ HOWARD LUCKHARDT et al., Respondents, v JEFFREY W. WALLER, P. C., et al., Appellants. [666 NYS2d 720] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 26, 1996, which denied their motion to compel the plaintiffs to submit to depositions.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the depositions shall be conducted at times and places to be set forth in written notices of not less than 10 days, to be given by the defendants to the plaintiffs, or at such times and places as the parties may agree.

The plaintiffs consulted with the defendants, an attorney and his professional corporation, regarding the plaintiffs' rights of visitation with their son's children. It is alleged that the defendants thereafter inadvertently revealed the nature of the legal consultation to the plaintiffs' son, who severed all ties with the plaintiffs as a result. The plaintiffs subsequently commenced this legal malpractice action against the defendants to recover damages for emotional suffering, psychological injury (as well as the alleged physical manifestations thereof), and out-of-pocket expenses they incurred in attempting to reestablish visitation with their grandchildren. Following the defendants' service of interrogatories and their receipt of the plaintiffs' responses thereto, the defendants sought to conduct depositions of the plaintiffs. The plaintiffs refused, contending that pursuant to CPLR 3130 (1), the defendants could not make use of depositions in this action without court permission because they had already made use of interrogatories. The defendants moved to compel the plaintiffs to submit to depositions, and the Supreme Court denied the motion. We reverse.

Insofar as it is relevant to this matter, CPLR 3130 (1)

provides as follows: "In the case of an action to recover damages for personal injury * * * predicated solely on a cause or causes of action for negligence, a party shall not be permitted to serve interrogatories on and conduct a deposition of the same party * * * without leave of court". We agree with the Supreme Court's determination that this legal malpractice action sounds in negligence. However, the personal injury damages sought by the plaintiffs are not available under the circumstances presented, and the plaintiffs are limited to the recovery of pecuniary losses (see, Dirito v Stanley, 203 AD2d 903; Green v Liebowitz, 118 AD2d 756; Sanders v Rosen, 159 Misc 2d 563). Therefore, the action cannot be one to recover damages for personal injury, and the limitation on the use of both interrogatories and depositions found in CPLR 3130 (1) is inapplicable to this case. Accordingly, the defendants' motion to compel the plaintiffs to submit to depositions is granted. Ritter, J. P., Sullivan, Goldstein and Lerner, JJ., concur.