■ TIMOTHY N. BUXTON, Appellant, v STEVEN J. RUDEN, Respondent. (Action No. 1.) TIMOTHY N. BUXTON, Respondent, v CAROL GERMAIN, Appellant. (Action No. 2.) [784 NYS2d 619]—

In related actions, inter alia, to recover damages for dental malpractice (Action No. 1) and to recover damages for legal malpractice (Action No. 2), which were joined for trial, the plaintiff in Action No. 1 appeals, from so much of an order of the Supreme Court, Nassau County (Shifrin, R.), entered January 27, 2004, as, upon granting the defendant's application in Action No. 1, among other things, to direct him to provide a copy of the case file of his former attorney, Wallace M. Germain, directed him to provide such copy, and the defendant in Action No. 2 separately appeals, as limited by her brief, from so much of the same order as denied her application to compel the plaintiff's deposition.

Ordered that on the Court's own motion, the notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying the application of the defendant in Action No. 2 to compel the plaintiff's deposition and substituting therefor a provision granting the application and directing that the deposition take place upon written notice of at least 10 days, to be given by the defendant Carol Germain to the plaintiff and the defendant Steven J. Ruden, or at such time and place as the parties may agree; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants in Action No. 1 and Action No. 2 payable by the plaintiff in Action Nos. 1 and 2.

The defendant in Action No. 2, Carol Germain (hereinafter the executrix), is the executrix of the estate of Wallace M.

Germain (hereinafter the former attorney), the attorney who originally represented the plaintiff in Action No. 1 against the defendant Steven J. Ruden. By electing to commence Action No. 2 against the executrix and placing the subject matter of the former attorney's advice in issue (*see Schulte Roth & Zabel LLP v Chammah*, 251 AD2d 132 [1998]; *Orco Bank, N.V. v Proteinas Del Pacifico, S.A.*, 179 AD2d 390 [1992]), and by voluntarily turning over to the executrix the former attorney's case file without any reservation of privilege (*see Bras v Atlas Constr. Corp.*, 153 AD2d 914 [1989]; *Liberty Mut. Ins. Co. v Engels*, 21 AD2d 808 [1964]), the plaintiff, both as to himself and his decedent (*see Mayorga v Tate*, 302 AD2d 11 [2002]), unqualifiedly waived any claim of privilege regarding the contents of the case file. The privilege, once waived in Action No. 2 as to the executrix, cannot now be asserted against Ruden in Action No. 1 (*cf. In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F3d 289, 294 [6th Cir 2002]). "The prevailing view is that once a client waives the privilege to one party, the privilege is waived en toto" (*id.*), particularly since the actions were joined for trial, at the plaintiff's request, and it would be highly prejudicial to deny Ruden access to relevant discovery material. Thus, the Supreme Court properly granted Ruden's application and directed the plaintiff to turn over the case file to him.

The Supreme Court erred, however, in denying the executrix's application to compel the plaintiff's deposition. Contrary to the plaintiff's contention, the prohibition of CPLR 3130 (1) against the use of both depositions and interrogatories applies only to "[a]ction[s] to recover damages for personal injury, injury to property or wrongful death predicated solely on a cause or causes of action for negligence." Since the plaintiff in Action No. 2 sought only to recover for pecuniary losses arising from the former attorney's alleged negligence in failing to commence a timely action against a potential tortfeasor, that action is not for "personal injury, injury to property or wrongful death" and, therefore, does not fall within the limited scope of CPLR 3130 (1) (*cf. Luckhardt v Jeffrey W. Waller, P.C.*, 245 AD2d 491, 492 [1997]). Florio, J.P., Krausman, Fisher and Lifson, JJ., concur.