■ SAMUEL FRIEDLER et al., Respondents, v VASSILIKI PALYOMPIS et al., Defendants, and COLDWELL BANKER, INC., Appellant. [808 NYS2d 242]—

In an action, inter alia, to recover damages for breach of contract and broker negligence, the defendant Coldwell Banker, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated September 8, 2004, as denied its motion, inter alia, pursuant to CPLR 3126 to strike the complaint for failure to comply with discovery demands and, in effect, to compel the plaintiffs to answer its interrogatories.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was, in effect, to compel the plaintiffs to answer its second set of interrogatories; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The Supreme Court's reliance on CPLR 3130 (1) in denying that branch of the motion of the defendant Coldwell Banker, Inc. (hereinafter Coldwell Banker), which was, in effect, to compel the plaintiffs to answer its interrogatories, was misplaced. Contrary to the Supreme Court's conclusion, CPLR 3130 (1) did not preclude Coldwell Banker from serving interrogatories upon the plaintiffs because this is not "an action to recover damages for personal injury, injury to property or wrongful death predicated solely on . . . negligence" (CPLR 3130 [1]; see *Buxton v Ruden*, 12 AD3d 475 [2004]).

However, Coldwell Banker's first set of interrogatories and notice for discovery and inspection were palpably improper. Thus, the Supreme Court providently exercised its discretion in denying Coldwell Banker's motion with respect to those discovery demands (see CPLR 3101 [a], [c]; *Holness v Chrysler Corp.*, 220 AD2d 721, 722 [1995]; *Harris v City of New York*, 211 AD2d 663 [1995]; *Ritchie v Carvel Corp.*, 180 AD2d 788 [1992]; *Benzenberg v Telecom Plus of Upstate N.Y.*, 119 AD2d 717 [1986]).

Since the record is unclear as to whether, if at all, the plaintiffs responded to the second set of interrogatories, we remit the matter to the Supreme Court to determine whether the plaintiff is required to respond to the second set of interrogatories. Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.