■ BETTY LOU LAJOY, Individually and as Trustee of the W.H. LAJOY IRREVOCABLE TRUST, Respondent, v LUCK BROS., INC., et al., Appellants. [826 NYS2d 759]—

Rose, J. Appeal from an order of the Supreme Court (Dawson, J.), entered July 27, 2005 in Clinton County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, individually and as trustee of W.H. LaJoy Irrevocable Trust, commenced this private nuisance action to recover for personal injuries and property damage allegedly caused by the nighttime reconstruction of a highway by defendants under a contract with the Department of Transportation (hereinafter DOT). Plaintiff asserted that the equipment used by defendants in reconstructing the highway had created, among other things, excessive noise and vibrations that adversely affected her health and property. On defendants' renewed motion for summary judgment, Supreme Court concluded that plaintiff raised questions of fact as to whether their selection and use of certain

equipment had been a reasonable interference with plaintiff's right to use and enjoy her property, and denied the motion. Defendants now appeal.*

The elements of a private nuisance cause of action are "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (*Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570 [1977]; *see Futerfas v Shultis*, 209 AD2d 761, 763 [1994]). Focusing primarily on the third element, defendants presented evidence that the reconstruction was performed during nighttime hours because that was mandated by the DOT contract, the types of construction equipment used were necessary to meet the contract requirements in compliance with state and federal regulations, and appropriate measures to mitigate noise and vibration had been incorporated by DOT into the contract. Defendants assert that they complied with applicable DOT guidelines in performing the reconstruction and they could not have significantly reduced the noise or vibration. In their affidavits, two DOT engineers who had worked on the reconstruction project stated that the DOT contract included a noise study which considered how construction noise could be mitigated. However, they did not claim that defendants implemented those measures, or that it would not have been feasible or cost effective to do so. The engineers also opined that while an alternate compaction roller could have been used, it too would have produced objectionable noise. However, they did not address whether the alternate roller would have produced as much vibration as the roller that was used. Thus, defendants showed that the contract had largely, but not completely, mandated how the reconstruction work should be performed.

In the face of defendants' submissions, the burden shifted to plaintiff to raise triable questions of fact as to whether defendants could have used alternate equipment that would have produced substantially less noise and vibration without departing from the terms of the DOT contract. In her affidavit, plaintiff demonstrates that, despite her many complaints for several months, defendants could have readily replaced the noisy, gas-engine-powered directional sign in front of her house

---

* In its prior decision denying defendants' original motion for summary judgment, Supreme Court rejected the contention that plaintiff's sole remedy is a claim against the state and held that the contract was relevant only in determining whether defendants' interference with plaintiff's rights was reasonable. Defendants did not appeal that ruling, and the issue was neither raised on the renewed motion nor briefed on this appeal.

with a solar-powered sign. The availability and effectiveness of this alternative was confirmed by plaintiff's acoustic engineer. Her engineer also opined that the use of a static steel-and-rubber-tire roller was permissible under the DOT contract, it would have complied with DOT's recommendation that less noisy construction methods be employed and it would have significantly reduced the vibrations generated by defendants' vibratory compaction roller. He further stated that the cracks in plaintiff's foundation, which allegedly appeared during the reconstruction, were consistent with the type of damage that vibratory rollers are known to cause to nearby structures. This evidence raised questions of fact as to the reasonableness of defendants' selection of equipment.

To the extent that defendants criticize plaintiff for not stating the decibel level of construction noise at her home or proving that the damage to her foundation was caused by their equipment, we find that the burden of proof never shifted as to these issues because defendants provided no evidence that the noise and vibrations produced by their equipment were incapable of causing the injuries and damage claimed by plaintiff (*see Ware v Baxter Health Care Corp.*, 25 AD3d 863, 864 [2006]; *Ihrig v New York Atl.-Inland*, 176 AD2d 1160, 1162 [1991]).

Accordingly, we find that the record supports Supreme Court's determination that material questions of fact preclude the award of summary judgment to defendants.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.