■ Betty Lou LaJoy, Individually and as Trustee of the W.H. LaJoy Irrevocable Trust, Appellant, v State of New York, Respondent. [852 NYS2d 461]—

Peters, J. Appeal from an order of the Court of Claims (DeBow, J.), entered July 19, 2007, which, among other things, denied claimant's motion to compel discovery.

From October 1998 to November 1999, defendant was engaged in a reconstruction project that involved the replacement of numerous bridges over Route 3 in the Town of Plattsburgh, Clinton County. As here relevant, the work was conducted between the hours of 8:00 P.M. and 6:00 A.M., approximately six days a week, in various locations in close proximity to claimant's home. The excessive noise, vibrations and lighting prompted claimant to commence a private nuisance action against defendant's contractor and others to recover for personal injuries and property damages. A motion for summary judgment dismissing the complaint was denied by Supreme Court (Dawson, J.) and affirmed on appeal (*LaJoy v Luck Bros., Inc.*, 34 AD3d 1015 [2006]).

This action was thereafter commenced, essentially claiming that due to defendant's negligent and willful failure to require the contractor, as its agent, to reduce the nighttime construction noise, vibrations, lighting and other related nuisances, de-

fendant is responsible for claimant's physical injuries as well as the structural damage to her property. As discovery proceeded and depositions were taken of some of defendant's employees, defendant refused to respond to claimant's interrogatories, relying upon CPLR 3130 (1). Claimant's motion to compel compliance was denied without prejudice, but claimant was permitted to serve interrogatories on those same persons as long as the questions pertained strictly to the nonnegligence nuisance claims. Claimant appeals.

The allegations underlying this action mirror those in the prior action for private nuisance (34 AD3d at 1015). Although the Court of Claims in this action recognized the similarity of the prior claims by finding claimant to have alleged both nuisance and negligence causes of action, it relied upon cases decided prior to the amendment of CPLR 3130 (1) to support its determination that when the action contains both a negligence and another theory of liability, interrogatories may only be addressed to the nonnegligence cause of action if the parties had already been deposed.

As conceded by defendant, that interpretation was incorrect. Viewing the clear and unambiguous language of CPLR 3130 (1), leave of court was not required in this instance since the action is not solely predicated upon negligence. Under these circumstances, claimant may utilize both interrogatories and depositions for the same party on both of these theories (see CPLR 3130 [1]; Connors, 2007 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3130:3).

We reject defendant's further contention that we should, nonetheless, affirm the Court of Claims' order since the interrogatories are overly broad, burdensome and irrelevant.

Cardona, P.J., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied claimant's motion; motion granted in its entirety; and, as so modified, affirmed.