# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

473

CA 10-02309

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

RONALD KIMBALL, JR., PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

LAWRENCE E. NORMANDEAU, JR., ET AL., DEFENDANTS,
RONALD MATTESON AND DONNA MATTESON,
DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, UTICA (MO ATHARI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oswego County (James
W. McCarthy, J.), entered September 22, 2010 in a personal injury
action. The order granted in part the motion of defendants Ronald
Matteson and Donna Matteson for leave to serve interrogatories on and
to depose plaintiff.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this action to recover damages for personal
injuries allegedly arising from exposure to lead paint, plaintiff
appeals from an order that, inter alia, granted the motion of Ronald
Matteson and Donna Matteson (defendants) to the extent that it sought
leave to serve certain interrogatories and to depose plaintiff.
Contrary to plaintiff's contention, Supreme Court properly directed
him to submit to both discovery devices. Although CPLR 3130 permits a
party to serve written interrogatories upon any other party without
leave of court, CPLR 3130 (1) provides in relevant part that, "[i]n
the case of an action to recover damages for personal injury . . .
predicated solely on a cause or causes of action for negligence, a
party shall not be permitted to serve interrogatories on and conduct a
deposition of the same party pursuant to rule 3107 without leave of
court." Pursuant to "the clear and unambiguous language of CPLR 3130
(1), leave of court [to serve interrogatories and to depose plaintiff]
was not required in this instance [because] the action is not solely
predicated upon negligence" (*LaJoy v State*, 48 AD3d 1022, 1023).
Rather, the complaint alleges, inter alia, that defendants breached
the warranty of habitability within the meaning of Real Property Law §
235-b, thus placing this action outside the ambit of CPLR 3130.
Indeed, we note that plaintiff repeatedly states in his brief on

appeal that defendants breached their "contractual and statutory" duty to provide lead-free housing, thereby further establishing that this action is not encompassed by CPLR 3130 because it is not based solely upon negligence (*see Friedler v Palyompis*, 24 AD3d 501; *Charlotte Lake Riv. Assoc. v American Ins. Co.*, 68 AD2d 151).

Furthermore, even assuming, arguendo, that this action is predicated solely upon negligence, we conclude that plaintiff failed to establish that the court abused its discretion in granting defendants leave both to serve interrogatories and to depose plaintiff. In opposing the motion, plaintiff failed to establish that the requests for information are unduly burdensome, or that they may cause "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]; *see Kooper v Kooper*, 74 AD3d 6, 10).

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court